18009

Melvin GAINES, Respondent, v. Robert J. THOMAS, as Administrator of the Estate of William Joseph Martin, Jr., Appellant

(128 S. E. (2d) 692)

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, and *Lybrand, Simons & Rich,* of Aiken, *for Appellant,*

*Messrs. Dufour & Dufour,* of Aiken, *for Respondent,*

December 18, 1962.

BRAILSFORD, Justice.

In October of 1957, an automobile driven by William Joseph Martin, Jr., defendant's intestate, and a truck of Peerless Mattress Company, driven by Clyde Byars, collided on U. S. Highway No. 1 in Aiken County. Martin was killed and Melvin Gaines, the plaintiff in this action, who was working on the shoulder of the highway near the point of impact, was injured. Gaines brought this action in the Common Pleas Court for Aiken County against Martin's personal representative, and this appeal is from a judgment in his favor.

Previously, Byars, the truck driver, testified in an action in the U. S. District Court, brought by Martin's administrator against Peerless Mattress Company to recover damages for the alleged wrongful death of Martin. Byars died before the trial of this action, at which the plaintiff offered in evidence a transcript of his testimony at the previous trial. The court admitted it over the objection of the defendant. The correctness of this ruling is the first question involved here.

We must determine whether the testimony was properly admitted under the exception to the hearsay rule relating to the admission of the former testimony of a witness since deceased. The exception is generally stated to be that such testimony is admissible when the trial at which it is offered is between the same parties, or their privies, and involves the same issues. It has been applied in a long line of cases in this State (from *Drayton v. Wells,* 1 Nott & McC. (10 S. C. L.) 409 in 1818 to *Brown v.*

*Bailey,* 215 S. C. 175, 54 S. E. (2d) 769, in 1949) ; and identity of parties and issues has usually been referred to as necessary. Literally applied, this statement of the rule would exclude Byars' testimony, because Gaines was not a party to the former action. However, no case has been cited from this jurisdiction in which former testimony, otherwise admissible, has been rejected for lack of identity of parties when, as here, the party against whom the testimony is offered, as a party to the former action, had full opportunity to cross examine the witness. The facts here are different from those involved in any of our prior decisions and require an examination of the rule and of the reasons for it.

These vehicles collided upon meeting each other on the open highway. At the former trial, the issue of liability depended upon the jury's conclusion as to which driver swerved across the center line and caused the collision. Byars' testimony was on this issue and he was cross examined by counsel for the present defendant. At the trial of this action, Gaines rested his right to recover on the charge that the proximate cause of the collision, which resulted in injury to him, was the negligence of the defendant's intestate in swerving across the center line. It was on this issue that Byars' former testimony was offered and admitted. If he had been present to testify, there would have been no reason to conduct a different cross examination from that to which he was subjected in the former trial. In short, the party against whom this testimony was received had a fair and adequate opportunity to cross examine the witness at the former trial.

In *Jones v. Charleston & W. C. Ry. Co.,* 144 S. C. 212, 142 S. E. 516, the following statement of the impelling reasons underlying the rule excluding hearsay testimony was quoted with approval:

"The reason for this rule of exclusion is that hearsay is not subject to the ordinary tests required by law for ascertaining its truth, the author of the statements not being sub-

ject to cross examination in the presence of a court of justice, and not speaking under the penal sanction of an oath, there being no opportunity to investigate his character and motives, and his department not being subject to observation. And the misconstruction to which such evidence is exposed, from the ignorance or inattention of the hearers, or from criminal motives, is a powerful additional objection."

Where the parties and issues are the same, former testimony is free from all of these objections, except that the jury must weigh the credibility of the witness without having the opportunity to observe his demeanor on the stand. To preserve this opportunity, the witness must ordinarily appear in person. However, where he has died, the court yet has available relevant testimony, which has been delivered under oath, on the impressive occasion of a trial, at which the opposing party had the opportunity to cross examine. The available evidence having been tested by the conventional means, the jury ought to have the benefit of it in its search for the truth. Hence, the exception letting in former testimony developed, on which all of the authorities are agreed when the parties and issues are the same.

The rule was formulated to insure fairness to the opposing party by limiting the admission of former testimony to situations in which he has had an adequate opportunity to cross examine. The requirement that there be identity of parties and issues is but a means to that end. 31 C. J. S., Evidence, § 390; Wigmore on Evidence, (3d) Ed., Section 1386. As stated in McCormick on Evidence, Sec 232, "It is a convenient phrase to indicate a situation where the underlying requirement of adequacy of the present opponent's opportunity of cross examination would usually be satisfied."

Our decisions have recognized that the assurance of an adequate opportunity for cross examination by the opposing party is the end in view.

"* * * The rule admitting the evidence is exceptional, and *proceeds upon the view that the parties have had an*

*opportunity to cross examine the witness,* but here the sureties never had such opportunity, and the fact that the administrator had such opportunity should not bind them * * *." (Italics added) *Fellers v. Davis,* 22 S. C. 425, 429.

"So that the first issue of law presented is the competency of Fenly's testimony in this action. The only objection urged against it is that it was delivered in an action to which the defendants here were not parties, and therefore, without the privilege of cross examination by the defendants, *for it is the lack of testing by cross examination which generally renders a sworn statement incompetent evidence against an objecting party thereto. There is no other reason.* The former action, in which Fenly's testimony was delivered, was betwixt practically the same plaintiffs as now sue and one Hazel H. Yongue, a remote assignor of the Ragsdale defendants, and the subject of the two actions was practically the same. See *Pearson v. Yongue,* 25 S. C. 162. In that action, Fenly was cross examined, not by the defendants, it is true, but by those who had the same interest which the defendants now have. To ignore Fenly's testimony, therefore, would be to sacrifice a principle rather than execute a rule * * *." (Italics added) *Martin v. Ragsdale,* 71 S. C. 70, 50 S. E. 671.

The admission of Byars' testimony at this trial was equally as free of the objections to hearsay evidence as its use at a retrial of the former action would have been. The facts with which we deal jibe with the rationale of the rule letting in former testimony. The "convenient phrase" must yield to the underlying principle that properly tested, relevant testimony of a deceased witness should be available to the jury, when no unfairness to the adverse party is involved. The testimony falls within this principle and was properly admitted.

Upon the conclusion of the first trial of the action between the Mattress Company and the present defendant, a new trial was granted and had. Byars

again appeared as a witness. His testimony at the second trial had not been transcribed when this action was tried. The defendant took the position that Byars' testimony at the first trial, even if otherwise admissible, was disqualified by the subsequent events in that action. The trial judge overruled this position but offered, with the acquiescence of plaintiff's counsel, to continue the case in order to give the defendant an opportunity to secure a transcript of the testimony at the second trial. This offer was refused, and the court's ruling is challenged by exception. No relevant authority has been cited and we find no error as assigned. 31 C. J. S., Evidence, § 384, p. 1188.

The next group of exceptions challenges the sufficiency of the *admissible* evidence to support a verdict for plaintiff. These exceptions fall with those charging error in the admission of Byars' testimony.

The next group of exceptions charges error in refusing to admit in evidence a photograph of defendant's intestate; in excluding from the consideration of the jury a certificate as to the death of Byars; in refusing to allow the verdict and judgment in the Federal Court case to be published to the jury; and in refusing to allow the plaintiff to be cross examined in the presence of the jury concerning a covenant not to sue which had been executed by him in favor of the Mattress Company.

The trial judge exercised a sound discretion in refusing to allow the photograph in evidence. It had no material bearing on any matter in issue. 20 Am. Jur., Evidence, Sec. 729.

The death certificate was offered as proof to the court on the question of the competency of Byars' testimony, with which the jury was not concerned. The certificate established that Byars met his death in a subsequent truck collision. The trial judge properly excluded this irrelevant and prejudicial fact for the jury's consideration.

The defendant's claim that he should have been allowed to publish the result of the trial in the Mattress Company case to the jury is manifestly without merit.

As to the covenant not to sue the Mattress Company, the statement of the case indicates that the defendant consented to the trial judge's ruling thereon, which resulted in a reduction of the verdict by the amount of the consideration paid to Gaines for the covenant. Therefore, he is not in a position to insist upon the exception raising this question.

The last group of exceptions charges that the court erred in refusing a new trial on account of the gross excessiveness of the verdict, which was for $9,370.00 actual damages, reduced to $8,620.00 by crediting the prior payment to plaintiff by the Mattress Company. We have carefully considered the evidence and find that these exceptions are without merit. If plaintiff's evidence as to his injuries and damage is believed, the verdict is supported thereby. The issue of credibility was resolved against the defendant by the jury, and we have no authority to give him a new trial on this ground.

Affirmed.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting Associate Justice, concur.