**Mrs. H. W. WILSON, as Administratrix of the Estate of William Lynch Foster, Deceased, Appellee,**

v.

**MARSHALL ENTERPRISES and Ulysses Breazeale, Appellants.**

No. 10334.

United States Court of Appeals Fourth Circuit.

Argued May 6, 1966.

Decided May 31, 1966.

J. D. Todd, Jr., Greenville, S. C. (Francis R. Fant and Paul K. Rogers, Anderson, S. C., on brief), for appellants.

Henry Hammer, Columbia, S. C. (A. Ray Hinnant, Columbia, S. C., and G. Ross Anderson, Jr., Anderson, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

A collision between a northbound truck and a southbound Volkswagen on a South Carolina highway resulted in the death of the driver of the latter vehicle. A jury in the District Court found its verdict in favor of the administratrix of the decedent against the owner and the operator of the truck.

---

Several persons testified to observations made by them at and near the scene shortly after the accident. When the vehicles came to rest after the collision the truck and the Volkswagen were locked together on the shoulder of the southbound (the Volkswagen's) traffic lane. There was evidence, from the truck driver himself, that as he passed over a railroad track his load of poultry crates, piled nine high, shifted. The administratrix maintains that this caused the truck to go out of control, cross over to the southbound lane and collide with the Volkswagen. The defendant's version was that, despite the location of the vehicles in the Volkswagen's lane, the collision happened in the northbound lane into which the Volkswagen had swerved.

The testimony of the witnesses, sharply attacked on cross-examination, was itself subject to conflicting interpretations, and the special emphasis given by the contending parties to selected bits and pieces of circumstantial evidence raised further issues permitting different inferences. The debate presented a jury problem, in which the factual issue could with reason be resolved for the plaintiff or for the defendants, as the jury might view the entire evidence. See, e. g., Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 115, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); Jarrell v. Ford Motor Co., 327 F.2d 233 (4th Cir. 1964); Atlantic Coast R.R. Co. v. Truett, 249 F.2d 215, 217 (4th Cir. 1957).

Submission of the issue to the jury was proper and its verdict in favor of the plaintiff is sufficiently supported.

We find no error in the District Judge's refusal to admit certain testimony given before the Coroner in proceedings to which the administratrix was not a party and in which she did not participate. See Roucher v. Traders and General Insurance Co., 235 F.2d 423 (5th Cir. 1956); Gaines v. Thomas, 241 S.C. 412, 128 S.E.2d 692 (1962); Wigmore on Evidence (3d ed.), §§ 1386, 1388.

Affirmed.