21641

The STATE, Respondent, v. Charles GULLEDGE, Appellant.
(287 S. E. (2d) 488)

John C. Lindsay, of Lindsay & Lindsay, Bennettsville, and Henry Hammer, of Hammer & Bernstein, Columbia, for appellant.

Atty. Gen., Daniel R. McLeod and Senior Asst. Atty. Gen., Brian P. Gibbes, Columbia, and Sol., J. DuPre Miller, Chesterfield, for respondent.

February 16, 1982.

GREGORY, Justice:

Appellant was indicted for assault and battery with intent to kill in the shooting of highway partolman Frank Murphy when Murphy attempted to arrest him for speeding and driving under the influence. The jury found appellant guilty of assault and battery of a high and aggravated nature and the trial judge imposed a nine year sentence. We reverse and remand for a new trial.

During voir dire, at defense counsel's request, the trial judge asked if any potential jurors were related by blood or marriage to present or former police or law enforcement officers. Defense counsel conceded that relationship alone would not automatically disqualify a juror. Eight potential jurors responded affirmatively. The record does not reveal if any of those jurors were struck by the defense; however, the defense did not exercise all its peremptory strikes.

Near the end of trial, and out of the jury's presence, defense counsel called Chesterfield County Deputy Sheriff James

Brock. Brock testified that juror Zudie Walters was married to his wife's halfbrother. He further testified that he went to the crime scene, but took no part in the investigation. However, appellant had been placed in Brock's custody, and Brock was in the courtroom throughout the trial. Because juror Zudie Walters had not responded affirmatively on voir dire, defense counsel moved for a mistrial. The court denied the motion. We find that under the facts of this case, the denial constituted reversible error.

■ It is fundamental that a defendant is entitled to a trial by an impartial jury. South Carolina Constitution, Article 1, Section 14; United States Constitution, Amendment VI. The trial judge has the duty to assure himhelf that every juror is unbiased, fair and impartial. *State v. Britt*, 237 S. C. 293, 117 S. E. (2d) 379 (1960); *State v. Holland*, 261 S. C. 488, 201 S. E. (2d) 118 (1973).

■ Solely because a juror is related by blood or marriage to a police officer or deputy sheriff does not automatically disqualify the juror under Section 14-7-1020 of the 1976 South Carolina Code. *State v. Cook*, 204 S. C. 295, 28 S. E. (2d) 842 (1944); *State v. Pitts*, 256 S. C. 420, 182 S. E. (2d) 738 (1971). However, the juror may be prejudiced, biased, or interested in the action for some other reason, such as a relationship with counsel. *Crosby v. Southeast vayre, Inc.*, 274 S. C. 519, 265 S. E. (2d) 517 (1980) and, depending upon the facts and circumstances, subject to challenge for cause or the exercise of a peremptory challenge.

Through the judge, parties "have a right to question jurors on their voir dire examinaion not only for the purpose of showing grounds for a challenge for cause, but also within reasonable limits, to elicit such facts as will enable them intelligently to exercise their right of peremptory challenge . . ." 50 C. J. S. Juries, § 279, *Peremptory Challenge*, p. 1066.

■ Where the trial judge grants counsel's request that the judge ask a particular question on voir dire, counsel is entitled to a truthful answer to the question.

In the case of *Photostat Corporation v. Ball,* 338 F. (2d) 783 (CA 10 1964) it was held reversible error to fail to grant a new trial where jurors did not respond to voir dire questions: Necessarily, it is expected and required that jurors in their answers shall be completely truthful and that they shall disclose, upon a general question, any matters which might tend to disqualify them from sitting on the case for any reason. It therefore becomes imperative that the answers be truthful and complete. False or misleading answers may result in the seating of a juror who might have been discharged by the Court, challenged for cause by counsel or stricken through the exercise of peremptory challenge. *Ball, supra,* at 786.

Here, the juror was related to a deputy sheriff who both viewed the crime scene and had custody of the prisoner in the courtroom during trial. Absent any justification for the juror's failure to disclose her relationship to the deputy sheriff, when asked on voir dire, the trial judge abused his discretion in denying appellant's motion for mistrial when the relationship was discovered.

Although we reverse the case and remand for a new trial, we address the other issue raised because the problem may recur at retrial. Appellant argues that the trial judge erred in allowing the jury to retain during deliberations a transcript of the tape-recorded communication between two highway patrolmen. We agree.

During trial, the State presented testimony that Patrolman Murphy returned to his patrol car and radioed patrol headquarters that he'd been shot and needed help. The radio communication was recorded and transcribed. Donald Ray Lane, the highway patrolman who received the call, testified about the conversation, as did the Highway Department telecommunications supervisor. The tape was also played in court. We find no error in the admission of this evidence as part of the *res gestae* exception to the hearsay rule.

However, we hold that the judge abused his discretion in allowing the jury to take the transcript of the tape into the

jury room because it unduly emphasized that evidence. See *State v. Plyer,* 275 S. C. 291, 270 S. E. (2d) 126 (1980).

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.