## 22437

Odessa E. THOMPSON, as Administratrix of the Estate of Jack Q. Thompson, Appellant v. Franklyn S. O'ROURKE, M.D., Respondent, Odessa E. THOMPSON, Appellant v. Franklyn S. O'ROURKE, M.D., Respondent.

(339 S. E. (2d) 505)

Supreme Court

*W. H. Brockinton* and *John Robert Haley,* of *Brockinton, Brockinton & Smith,* Charleston, *for appellants.*

*William W. Doar, Jr.* and *Charles T. Smith,* of *Moore, Flowers & Doar,* Georgetown, *for respondent.*

Heard Nov. 20, 1985.

Decided Jan. 6, 1986.

NESS, Chief Justice:

Appellants Thompson appeal the denial of their motion for a new trial. We affirm.

The Thompsons sued respondent O'Rourke alleging medical malpractice. During qualification of the jury panel, the trial judge inquired whether any member of the jury panel or any family member "is now or has been in the past ... represented by" O'Rourke's attorney William W. Doar, Jr. Several persons answered affirmatively, however, jurors Rogers and Stokes made no response. Rogers and Stokes were seated as jurors. At trial, verdicts were returned in favor of O'Rourke.

Subsequently, the Thompsons learned by searching courthouse records that Doar or other members of his firm had, in the past, handled real estate transactions for jurors Rogers and Stokes. They moved for a new trial, alleging the jurors' failure to respond to *voir dire* questioning deprived them of a fair trial. The trial judge denied the motion.

A party seeking a new trial based upon the disqualification of a juror must show: (1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in failing to learn of the disqualification before verdict. *Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883 (1959). The trial judge found the Thompsons had failed to show the first requirement, the fact of disqualification. We agree.

The trial judge ruled that the previous relationship between the jurors and Doar was not sufficient to disqualify the jurors from jury service. The Thompsons argue that the disqualification arises not because of the prior relationship, but because of the jurors' failure to disclose the relationship upon *voir dire* questioning, citing *State v. Gulledge,* 277 S. C. 368, 287 S. E. (2d) 488 (1982).

In *Gulledge,* we held a new trial was warranted where a juror failed to respond to *voir dire* questioning concerning relationships with law enforcement personnel. The juror was related by marriage to a police officer who had custody of the defendant during trial and who had viewed the crime scene.

The Thompsons argue *Gulledge* requires a new trial whenever it is discovered that a seated juror failed to respond to *voir dire* questioning. *Gulledge* is not a *per se* rule. Rather, relief is required only when the court finds the concealed information would have supported a challenge for cause, or would have been a material factor in the use of the party's peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.

Here, the trial judge found the jurors' relationship to Doar was not sufficient to warrant disqualification.

There is no absolute rule of disqualification based on a juror's relationship to an attorney in the case. *State v. Nicholson, et al,* 221 S. C. 399, 70 S. E. (2d) 632 (1952). Whether a basis for disqualification exists depends on the circumstances of each case. *Crosby v. Southeast Zayre, Inc.,* 274 S. C. 519, 265 S. E. (2d) 517 (1980). The record fully supports the trial judge's finding that no ground for disqualification existed as to either juror.

The Thompsons did not argue at the trial level that the use of their peremptory challenges would have been altered by disclosure of the information. An issue not raised or ruled on in the trial court may not be heard on appeal. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980).

The order of the trial court is affirmed.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.