2398

Harry OTT, Jr., Respondent v. Steve PITTMAN, Appellant.

(463 S.E. (2d) 101)

Court of Appeals

*John G. Felder,* of *Felder, Prickett & Mizzell,* St. Matthews; and *Robert J. Thomas,* of *Sherrill & Rogers,* Columbia, *for appellant.*

*Sherod H. Eadon, Jr.,* of *Lee, Eadon, Isgett & Popwell,* Columbia, *for respondent.*

Heard Sept. 13, 1995.

Decided Oct. 16, 1995.

SHAW, Judge:

A Calhoun County jury awarded Ott actual damages of $19,800.00 against Pittman whom the jury found 90% negligent in the shooting of Ott's two coonhounds, one of which died.[1] We affirm.

Ott sought actual and punitive damages against Pittman for wilfully and maliciously shooting and killing one and se-

---

[1] The jury found Ott suffered actual damages in the amount of $22,000 but found Ott was 10% negligent. The trial judge therefore ordered judgment for Ott in the amount of $19,800.

verely wounding another of his champion Treeing Walker Coonhounds on the night of January 30, 1992. Ott and some friends had released their hounds to hunt on the property adjacent to property owned by Sam Reid, Sr., the father-in-law of Mr. Pittman. The hounds were wearing reflective collars and collars with antenna attached to them for tracking. The hounds trailed a raccoon onto the Reid property. Ott testified the hounds treed the coon and, as they proceeded up a hill after the dogs, they heard gunshots and a dog screaming. Pittman testified the hounds were in his hog pasture and the hogs were screaming in distress. Ott testified he heard no sounds from any livestock.

Pittman admitted he shot Ott's dogs. However, he argued he acted reasonably in protecting his pregnant sows against the trespassing dogs, and Ott's own negligence in permitting his dogs to trespass on Pittman's property was the proximate cause of the dogs' injuries. Pittman counterclaimed for damages he sustained as a result of the dogs' actions. He alleged the trespassing dogs greatly disturbed his pregnant sows causing them to miscarry their offspring, thus reducing Pittman's hog production for that season with resulting economic losses. Pittman also alleged Ott maliciously prosecuted Pittman by instituting criminal charges against Pittman for killing an identifiable dog without just cause[2] of which Pittman was acquitted, and malicious injury to personal property[3] which was no billed. Pittman's counterclaims are not a part of this appeal.

Pittman contends the trial judge made numerous errors. He claims the trial judge erred in excluding two potential jurors because they had been previously represented by one of Pittman's attorneys, and in admitting the testimony of Guy Morton Rich and Richard H. Rentz, Jr. because they should not have been qualified as expert witnesses in the respective fields of coonhound valuation and pasture hog farming. He also alleges the trial judge erred in his charge to the jury on

---

[2] S.C. Code Ann. § 47-3-530 (1987) provides any person killing any dog when owner may be identified by means of a collar bearing sufficient information or some other form of positive identification is guilty of a misdemeanor.

[3] S.C. Code Ann. § 16-11-510 (Supp. 1994) provides it is unlawful for a person to wilfully and maliciously cut, shoot, maim, wound, or otherwise injure or destroy any horse, mule, cattle, hog, sheep, goat, or any other kind of personal property, or the goods and chattels of another.

comparative negligence, and in excluding the prior testimony of a witness from the aforementioned criminal trial when the witness was very ill and unable to attend the civil trial. Pittman further contends Ott's admitted violation of two statutes barred his recovery.

## I. EXCLUSION OF JURORS

Based on the record before this court, it appears Pittman failed to object when the trial judge excused the potential jurors in question. Therefore, this issue is not properly preserved and cannot be raised on appeal. *Thompson v. O'Rourke*, 288 S.C. 13, 339 S.E. (2d) 505 (1986). However, even if this issue were properly preserved, the conduct of the voir dire examination is within the trial judge's discretion. Whether the relationship between an attorney and a prospective juror is grounds for disqualification depends on the facts and circumstances of each case. *Crosby v. Southeast Zayre, Inc.*, 274 S.C. 519, 265 S.E. (2d) 517 (1980). The trial judge conducted an extensive voir dire of the jury panel. The dismissed jurors had both been represented by Pittman's attorney in the recent past. In light of the particular circumstances of this case, we find no abuse of discretion in dismissing the potential jurors from the panel.

## II. EXPERT TESTIMONY

Pittman contends the trial judge erred when he admitted the testimony of Guy Morton Rich as an expert witness in valuing coonhounds. The qualification of a witness as an expert falls largely within the sound discretion of the trial judge. *State v. Schumpert*, 312 S.C. 502, 435 S.E. (2d) 859 (1993). To be competent as an expert, a witness must have acquired by reason of study or experience or both such knowledge and skill in a business, profession, or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony. *Gooding v. St. Francis Xavier Hospital*, 317 S.C. 320, 454 S.E. (2d) 328 (Ct. App. 1995). Defects in the amount and quality of education or experience go to the weight of the expert's testimony and not its admissibility. *Schumpert, supra.* Rich is a trainer of hunting dogs and personally trained Ott's dog that was killed. Rich testified he reads three different magazines which give him a

basis for forming an opinion on the value of coonhounds. He has been hunting with coonhounds for almost 70 years, and has hunted competitively in KC and AKC competitions. We hold the trial judge did not abuse his discretion in qualifying Rich as an expert in the field of valuing coonhounds.

Pittman also contends Rich failed to give an opinion as to the fair market value of Ott's dog as required by *Reid v. Reid*, 280 S.C. 367, 312 S.E. (2d) 724 (Ct. App. 1984). This argument is without merit. Rich testified the retail value of the dog was $20,000.00, and there was a market for these types of dogs.

Pittman also claims the trial judge erred in admitting the testimony of Richard H. Rentz because he was not qualified as an expert in pasture hog farming. This argument is also without merit. Pittman argues Rentz was not qualified to testify about the characteristics of Pittman's hogs because Rentz used "hand" breeding on his farm as opposed to "pasture" breeding like Pittman. However, Rentz stated he was knowledgeable about pasture breeding and had, in fact, pasture bred more than he had hand bred over his career as a hog farmer. Furthermore, Rentz was called to testify about pregnant sows' characteristics *after* they were bred. He stated, once a pregnant hog is put back in the pasture, there is no difference in whether they are "hand" or "pasture" bred and they are treated identically. His testimony, therefore, did not depend on whether the hog had been hand or pasture bred. A trial judge's ruling on an expert's qualifications and the admission of evidence will not be disturbed on appeal absent a clear abuse of discretion. We hold there was no abuse of discretion.

## III. JURY CHARGE

Pittman contends the trial judge erred in his charge to the jury on the defense of comparative negligence.

Pittman objects to a statement made by the judge in the jury charge, arguing the instruction confused the jury because the trial judge indicated Pittman was admitting some degree of negligence. We disagree.

For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the

defendant. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. (2d) 783 (1991).

The trial judge charged the jury as follows on comparative negligence:

> . . . comparative negligence is negligence on the part of the plaintiff which is greater in degree of fault than that of the defendant, and that negligence of the plaintiff combines and concurs with the negligence of the defendant and is the proximate cause of—and in this case we're talking about an incident, really; not an automobile accident, but the shooting of this dog. A defendant, by this defense, in essence says this: *even if the jury should find I was at fault,* the plaintiff was more at fault than I was, and the fault of each of us combined and concurred with that of the other to act as the proximate cause of this incident and without which this incident would not have happened. In other words, he's saying that it required the fault of each of us for this incident to have occurred; but the plaintiff was more at fault than I was.

The charge read as a whole does not indicate the defendant admitted some degree of negligence. To the contrary, the trial judge charged the jury that the defendant claimed even if he were at fault, the plaintiff was more at fault. Further, the trial judge charged numerous times that the plaintiff had the burden of proving defendant's negligence. Finally, prior to the charge on comparative negligence, the trial judge instructed the jury that the defendant set forth as one of his defenses a general denial, "and that means that the defendant denies that he was negligent." We find no error.

### IV. REFUSAL TO ADMIT PRIOR TESTIMONY

Pittman also contends the trial judge erred when he refused to admit the prior testimony of Sam Reid, Sr., a defense witness in the previous criminal trial against Pittman relating to this matter. Subsequent to the criminal trial, Mr. Reid became critically ill with cancer and his physician would not allow him to give a deposition or appear at the civil trial in this case. Counsel for Ott objected to the admission of the testimony because he had not had the opportunity to cross-examine Mr. Reid. Citing *Gaines v. Thomas*, 241 S.C.

412, 128 S.E. (2d) 692 (1962) and *Brown v. Bailey*, 215 S.C. 175, 54 S.E. (2d) 769 (1949), the trial judge held the testimony inadmissible because Ott had not been a party to the criminal action, and had not had the opportunity to cross-examine Mr. Reid. Additionally, the trial judge held the testimony of Mr. Reid would be cumulative to that of other witnesses.

We agree with the trial judge's application of *Gaines* and *Brown* and find no error in the exclusion of the prior testimony of Mr. Reid. The general rule is that former testimony of an unavailable witness is admissible when the trial at which it is offered is between the same parties, or their privies, and involves the same issues. In *Brown*, the supreme court held:

> According to the weight of authority, the testimony given at a criminal trial by a witness since deceased is not admissible in a subsequent civil action, although involving the same transaction, against a person who was not a defendant in the criminal case, there being no identity of parties and issues.

While the *Gaines* court arguably relaxed the rule concerning identity of parties, it clearly maintained the requirement that the party against whom the testimony is offered, as a party to the former action, must have had a full opportunity to cross-examine the witness.[4] Unlike in *Gaines*, in the present case, Ott was not a party to the prior action. The case was brought by the solicitor on behalf of the state against Pittman.

Further, after a thorough review of Mr. Reid's testimony in the criminal trial, it is clear this evidence would merely be cumulative to that of other witnesses. Accordingly, we find no error.

## V. VIOLATION OF STATUTES

On appeal, Pittman asserts Ott admitted trespassing on the appellant's property, that the trespass amounted to a violation of S.C. Code Ann. §§ 16-11-610 (1985) and 50-1-90 (Supp. 1994) and violation of a statute is negligence per se, thereby barring an action for recovery of damages under *Ready v. Barnwell County*, 167 S.C. 62, 165

---

[4] It should be noted the *Gaines* court cites *Brown*, for the general rule and does not overrule it.

S.E. 676 (1932). *Ready* provides that violation of a statute, although negligence per se, must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, in order to bar recovery. Whether violation of the statute was the proximate cause of the injury is ordinarily a question for the jury.

At trial, appellant moved for a directed verdict on the grounds that "by the plaintiff's own admission, he was . . . he admitted that he was to blame for this dog being shot, and . . . that would establish contributory negligence to a great (sic) degree of 50 percent as a matter of law and, therefore, would bar him recovery." He never raised the specific issue of violation of a statute constituting negligence per se as a bar to recovery for injury. Rather, his argument appears to focus on plaintiff's fault being greater than his own, thus barring recovery under our comparative negligence law. Consequently, the trial judge never addressed the effect of the adoption of comparative negligence on this proposition of law. Rather, he ruled, because this was a comparative negligence case, even if the plaintiff's testimony amounted to an admission of negligence, it was a question of fact for the jury to compare the plaintiff's negligence.

However, assuming that appellant sufficiently raised this issue before the trial judge, we find this proposition of law, that violation of a statute amounting to negligence per se *bars* a plaintiff from recovery of damages, has been abrogated by the adoption of comparative negligence. This proposition evolved from the proposition that violation of a statute is negligence as a matter of law, which will support a *recovery* of damages as long as the violation proximately caused or contributed to the injury. In other words, violation of a statute by a defendant, while negligence per se, would not support recovery for damages unless such violation proximately caused the injury. The injury must have been the natural and probable consequence of the violation of the statute before the violation could be said to be the proximate cause of the injury. *Gibson v. Gross*, 280 S.C. 194, 311 S.E. (2d) 736 (Ct. App. 1983). If a plaintiff was negligent as a matter of law, and that negligence proximately caused the injury complained of, under the doctrine of contributory negligence, the plaintiff was automatically barred from recovery. Under

the doctrine of comparative negligence, negligence by the plaintiff does not automatically bar recovery by the plaintiff unless his negligence is greater than that of the defendant.

For the foregoing reasons the judgment below is

Affirmed.

HOWELL, C.J., and CONNOR, J., concur.