**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Glenn Hall, Appellant.

Appellate Case No. 2016-001778

---

Appeal From York County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-345
Submitted June 1, 2018 – Filed August 1, 2018

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Coaxum*, 410 S.C. 320, 328, 764 S.E.2d 242, 246 (2014) (providing that when "a juror's nondisclosure is unintentional, the trial court may

exercise its discretion in determining whether to proceed with the trial with the jury as is, replace the juror with an alternate, or declare a mistrial"); *State v. Bell*, 374 S.C. 136, 147, 646 S.E.2d 888, 894 (Ct. App. 2007) ("A decision on whether to dismiss a juror and replace her with an alternate is within the sound discretion of the trial court, and such decision will not be reversed on appeal absent an abuse of discretion."); *Coaxum*, 410 S.C. at 329, 764 S.E.2d at 246 ("[T]he moving party has a heightened burden to show that the concealed information indicates the juror is potentially biased, and that the concealed information would have been a material factor in the party's exercise of its peremptory challenges. In other words, the moving party must show that it was prejudiced by the concealment because it was unable to strike a potential—and material—source of bias."); *Thompson v. O'Rourke*, 288 S.C. 13, 15, 339 S.E.2d 505, 506-07 (1986) (noting when the appellants "did not argue at the trial level that the use of their peremptory challenges would have been altered by disclosure of the information," the issue was not preserved for appeal); *Coaxum*, 410 S.C. at 331, 764 S.E.2d at 247 ("[T]o receive a new trial, [a] defendant must show a prejudicial abuse of discretion.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.