# The Supreme Court of South Carolina

The State, Respondent,

v.

Adam Rowell, Petitioner.

Appellate Case No. 2022-000571

_____

## ORDER

_____

After careful consideration of both Rowell's and the State's petitions for rehearing, the Court denies Rowell's petition for rehearing and grants the State's petition for rehearing.  We dispense with further briefing and argument.  The attached opinion is substituted for the previous opinion, which is withdrawn.

s/ John W. Kittredge                             C.J.

s/ John Cannon Few                               J.

s/ George C. James, Jr.                          J.

s/ D. Garrison Hill                              J.

s/ Donald W. Beatty                              A.J.

Columbia, South Carolina
September 18, 2024

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Adam Rowell, Petitioner.

Appellate Case No. 2022-000571

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

---

Opinion No. 28215
Heard February 7, 2024 – Filed July 17, 2024

Re-Filed September 18, 2024

---

## VACATED AND REMANDED

---

Billy J. Garrett, Jr., of The Garrett Law Firm, PC; Jane
Hawthorne Merrill, of Hawthorne Merrill Law, LLC; and
Clarence Rauch Wise, all of Greenwood, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

---

**JUSTICE HILL:** After a jury convicted Adam Rowell of two felony driving under the influence charges, he discovered one of the jurors, Juror 164, had failed to disclose during *voir dire* that he had recently been arrested. Armed with this information, Rowell included it among other grounds in his motion for a new trial. Juror 164 was not present at the hearing on the new trial motion. After the hearing, Rowell requested another hearing so Juror 164 could be examined. Although the State consented to the request, the circuit court did not hold a second hearing and instead issued a written order denying Rowell a new trial. Rowell appealed. The court of appeals affirmed, holding the circuit court did not abuse its discretion in failing to conduct an evidentiary hearing with Juror 164. *State v. Rowell*, 436 S.C. 54, 870 S.E.2d 175 (Ct. App. 2022). We granted certiorari and now reverse.

## I.

When the circuit court conducted the *voir dire* before Rowell's trial began, it asked whether any prospective juror or their close friends or family members had "ever been arrested or charged with a criminal offense through any state, local, or federal law enforcement agency." The question was the first of ten *voir dire* questions the circuit court asked collectively, instructing any jurors who needed to respond to come forward only after all ten had been asked. Juror 164 did not respond and ended up on Rowell's jury.

After he was convicted, Rowell learned Juror 164 had been arrested the week before the trial for possession with intent to distribute marijuana, unlawful neglect of a child, and possessing a controlled substance within the proximity of a school. Although these charges had been administratively referred to the same assistant circuit solicitor who was prosecuting Rowell, there is no suggestion the solicitor had actual knowledge of the pending charges against Juror 164 before Rowell's trial had concluded.

In its ruling denying Rowell a new trial, the circuit court found Juror 164's lack of response to *voir dire* was "unintentional" because the *voir dire* question about arrests was embedded in a series and the structure of the questioning could have confused the average juror. The court of appeals affirmed, agreeing with the circuit court that once a finding is made that no intentional concealment occurred the inquiry "ends," and therefore, there was no need to examine Juror 164 or hold another hearing.

II.

A.

This case calls upon us to again address the question of how trial courts should resolve allegations that a juror concealed information during *voir dire*. The case before us concerns such an allegation raised by a defendant in a motion for a new trial after he had been convicted. The post-trial inquiry is more searching than when the alleged concealment surfaces during trial, for then the trial court has broad discretion to replace the juror with an alternate.

Our state and federal constitutions guarantee a party the right to an impartial jury, and "*voir dire* can be an essential means of protecting this right." *Warger v. Shauers*, 574 U.S. 40, 50 (2014); U.S. Const. amends. VI, XIV; S.C. Const. art. I, § 14. The trial court has the solemn duty to ensure "that every juror is unbiased, fair and impartial." *State v. Gulledge*, 277 S.C. 368, 370, 287 S.E.2d 488, 489 (1982). Jury selection is a pivotal stage of any trial, and it is vital that jurors truthfully answer *voir dire* questions. *Id.* at 371, 287 S.E.2d at 490. The trial court, the parties, and their counsel rely on these responses in assessing whether a juror should be dismissed for cause or peremptorily struck during the selection process.

The right to peremptory strikes is not constitutionally guaranteed but is granted by statute. *State v. Potts*, 347 S.C. 126, 131, 554 S.E.2d 38, 40 (2001); S.C. Code Ann. § 14-7-1050 (2017); S.C. Code Ann. § 14-7-1110 (2017). By allowing parties to reject a certain number of jurors who cannot be challenged for cause, the peremptory strike right enhances the fairness of the trial process, which in turn elevates public confidence in our justice system.

Challenges for cause are also provided by statute. If a party challenges a juror for cause, the circuit court must examine the juror to determine if the juror "is sensible of any bias or prejudice" about the case. S.C. Code Ann. § 14-7-1020 (2017). The challenging party may also present supporting evidence, and the juror must be excused if "the juror is not indifferent to the cause." *Id.*

Once a party has exhibited due diligence and timely raises a juror concealment claim, our precedent tells us the first step in analyzing the claim is to determine whether the concealment was intentional or unintentional. We defined the difference in *State v. Woods*, 345 S.C. 583, 588, 550 S.E.2d 282, 284 (2001):

> We hold that intentional concealment occurs when the question presented to the jury on *voir dire* is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the juror's failure to respond is unreasonable. Unintentional concealment, on the other hand, occurs where the question posed is ambiguous or incomprehensible to the average juror, or where the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances.

Under this framework, if the concealment was intentional, it was inferred the juror was biased. *State v. Coaxum*, 410 S.C. 320, 328, 764 S.E.2d 242, 245–46 (2014). The moving party was entitled to a new trial as long as the party could show prejudice by demonstrating the information concealed would have either supported a challenge for cause or been a material factor in the use of the party's peremptory challenges. But if the concealment was unintentional, no bias could be inferred and the moving party could only receive a new trial if the party proved the concealed information suggested bias and the information would have been a material factor in the party's use of a peremptory challenge or would have resulted in a successful challenge for cause. *See id.* at 329, 764 S.E.2d at 246; S.C. Code Ann. § 14-7-1020 (describing process for setting aside a biased juror for cause). As we explained in *Coaxum*, "[i]n other words, the moving party must show that it was prejudiced by the concealment because it was unable to strike a potential—and material—source of bias." *Id*. at 329, 764 S.E.2d at 246.

We believe the time has come to abandon the intentional versus unintentional distinction. The distinction has proven unwieldy. This case is a good example of how awkward it is to apply, for it requires us to use an objective test (whether the *voir dire* question was ambiguous) to decide if a juror's conduct (withholding information the question sought to obtain) reveals that most subjective of human traits: bias.

We conclude a better path is to simplify the inquiry. Where a party claims a juror has withheld material information in response to a *voir dire* question, the trial court must determine, preferably after a hearing, whether the juror's withholding suggests bias. This will typically turn on the nature of the information withheld, rather than the nature of the juror's state of mind in not disclosing it. The nature of the fox's disguise matters little to the chicken.

We have always maintained that it is the nature of the information concealed that drives the inquiry. *Thompson v. O'Rourke*, 288 S.C. 13, 15, 339 S.E.2d 505, 506 (1986). The juror's intent may bear on the inquiry, but the ultimate question remains whether the juror was biased and whether the bias, in turn, caused prejudice. *See, e.g.*, *State v. Stone*, 350 S.C. 442, 448–49, 567 S.E.2d 244, 247–48 (2002) (holding trial court abused discretion in removing juror during sentencing phase of capital trial where juror's innocent nondisclosure of "scant acquaintance" with witness did not affect her impartiality and "would neither have supported a challenge for cause nor would it have been a material factor" in party's exercise of preemptory strikes). We therefore hold today that when a juror untruthfully answers or fails to answer a material *voir dire* question, the juror's bias may not be presumed, and a new trial may be ordered only when prejudice is proven by showing the concealed information reveals a potential for bias *and* would have made an objectively material difference in the moving party's use of a peremptory strike or resulted in a successful challenge for cause. We overrule the "intentional versus unintentional" framework erected by the line of cases that began with *State v. Gulledge*, 277 S.C. 368, 287 S.E.2d 488 (1982), and includes *Coaxum* and *Woods*.

This standard aligns with our decisions in other juror misconduct contexts, where we have required a showing of prejudice. *See, e.g.*, *State v. Green*, 432 S.C. 97, 99–101, 851 S.E.2d 440, 440–41 (2020) (evaluating prejudice of bailiff's comment to jury). The standard we set forth today for a juror's concealment of information during *voir dire* focuses on the potential bias of the juror and how the bias may prejudice a party. This protects a party's fundamental right to a fair and impartial jury, as well as society's interest in the finality of judgments.

The United States Supreme Court has struck the balance a bit differently. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (plurality opinion) ("We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause."). We have the right to interpret the South Carolina Constitution in a more expansive manner. *State v. Forrester*, 343 S.C. 637, 643–44, 541 S.E.2d 837, 840 (2001).

B.

We next address whether the trial court should have granted Rowell the second hearing. As our cases illustrate, a hearing on juror misconduct claims is almost always preferred. *McCoy v. State*, 401 S.C. 363, 371, 737 S.E.2d 623, 628 (2013). Although we stop short of requiring a full-blown evidentiary hearing based on the

mere allegation of juror nondisclosure, a trial court must document cogent and compelling reasons for not holding one.  We hold it was error for the circuit court to decline the request for an evidentiary hearing so Juror 164 could be examined as to whether his pending charges could have caused him to be biased.  *See id.* ("[E]valuating the merits of a juror misconduct claim is a fact-intensive inquiry, which is most appropriately conducted after a hearing."); *Woods*, 345 S.C. at 585–86, 550 S.E.2d at 283 (explaining trial court ruled on new trial motion alleging juror concealment after holding an evidentiary hearing during which the juror testified); *see also Lynch v. Carolina Self Storage Centers, Inc.*, 409 S.C. 146, 160, 760 S.E.2d 111, 119 (Ct. App. 2014).

Accordingly, we reverse the court of appeals' opinion and remand for an evidentiary hearing on Juror 164's failure to disclose his pending criminal charges.  At the hearing, the circuit court shall decide whether Rowell has proven prejudice by demonstrating the withheld information suggests a potential bias, and, if so, whether it would have supported a challenge for cause or would have been material to his use of peremptory strikes.  Materiality is to be judged by an objective standard, i.e. whether a reasonable party would have exercised a strike had the requested information been disclosed.

We recognize the practical difficulty of revisiting this issue after such a long passage of time and the demands it may make on finite human memories, even assuming Juror 164 is available to testify.  But that is as far as we will speculate about what the remand hearing may reveal or what its result should be.

**VACATED and REMANDED WITH INSTRUCTIONS.**

**KITTREDGE, C.J., FEW, JAMES, JJ., and Acting Justice Donald W. Beatty, concur.**