23014

Roy L. GRAY, Appellant v. C. Don BRYANT, Respondent.

(379 S. E. (2d) 894)

Supreme Court

*Christopher G. Olson* of *Olson & Lindsay, P.A.,* Clemson, *for appellant.*

*Cary C. Doyle* of *Doyle & O'Rourke,* Anderson, *for respondent.*

Heard Nov. 2, 1988.

Decided May 15, 1989.

FINNEY, Justice:

This appeal involves the question of whether a motion to amend a new trial motion was timely submitted and whether there was newly discovered evidence which would entitle appellant to a new trial. Although expressing reservations as to whether the motion to amend was timely under Rule 59 of the South Carolina Rules of Civil Procedure, the

trial court considered the amendments along with the motion for a new trial. The trial court denied the motion, ruling that appellant had not been prejudiced. We reverse and remand for a new trial.

This is a medical malpractice action. The jury returned a verdict for the respondent, C. Don Bryant, a physician. During the voir dire proceedings, the trial court requested members of the jury panel to disclose if they or immediate family members had been treated by the respondent. Juror Linda Tribble did not acknowledge that she had been treated by the respondent on at least one occasion, as shown in the record. The trial court also requested that members of the jury panel divulge any reason which would prevent them from fairly and impartially deciding the case. Again, Juror Tribble did not respond. Subsequently, a jury was selected that included Linda Tribble.

On the same day the jury rendered a verdict for the respondent, Juror Tribble wrote a letter to a newspaper lauding physicians and criticizing people who sue doctors. Two weeks later the letter was published in a local newspaper. Before this letter was published, the appellant timely filed a motion for a new trial asserting five trial errors, none of which were related to the juror disqualification question.

After Juror Tribble's letter was published, the appellant filed a motion to amend his original motion for a new trial to include the following additional grounds:

1. That Juror Tribble was prejudiced and biased and concealed this fact from the court during voir dire.
2. That juror was a patient of the defendant and concealed it.

There are two questions of critical importance in this appeal. First, whether the appellant's motion to amend his motion for a new trial was timely. Second, whether the trial court properly exercised its discretion in denying a new trial based upon juror disqualification.

Appellant asserts that the trial court erred in holding that the motion to amend the motion for a new trial was not timely submitted. Rule 59, S. C. R. Civ. P., requires that a motion for a new trial be made no later than ten days after entry of judgment. Rule 59 does not provide

any procedure by which a party can amend a motion for a new trial or add new grounds after the expiration of the ten-day period.

It is our view that Rules 59 and 60(b) must be read together. Rule 60(b), S. C. R. Civ. P., reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

. . . . .

This issue was addressed in *Smith v. Quattlebaum*, 223 S. C. 384, 76 S. E. (2d) 154 (1953). In *Smith*, defendant moved for a new trial because of an after-discovered relationship of juror to plaintiff. The court ruled that the trial court had jurisdiction to hear a motion for a new trial because of the after or newly-discovered evidence exception. The Court stated further:

> It is the duty of the trial judge to ascertain the qualifications of the jurors, and when the discharge of this reponsibility is thwarted by mischance, or otherwise, it is within the court's inherent power to remedy the situation when brought to his attention, even after sine die adjournment of court, by the granting of a new trial, if in its discretion, necessary.

*Smith*, 76 S. E. (2d) at 157.

While the *Smith* case relied on S. C. Code Ann. § 10-1215 (1952), the same principle applies under Rule 60(b). In the instant case, the newly discovered evidence, Tribble's pre-disposition, was not discernible until Tribble's letter was published. Even with due diligence this evidence could not have been discovered in time to move for a new trial under Rule 59(b). We find that appellant moved to amend his motion within a reasonable time after discovery of evidence of Tribble's bias and prejudice and, in fact, before the trial court had ruled on the original motion. We hold that appellant was entitled to amend his motion for a new trial to

include the allegations of Juror Tribble's disqualification.

We now address whether the trial court properly exercised its discretion in denying a motion for a new trial. Granting or refusal of a new trial is directed to the trial judge's discretion. *Jenkins v. Dixie Specialty Co., Inc.*, 284 S. C. 425, 326 S. E. (2d) 658 (1985). A party seeking a new trial based upon the disqualification of a juror must show: (1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in failing to learn of the disqualification before verdict. *Thompson v. O'Rourke*, 288 S. C. 13, 339 S. E. (2d) 505 (1986). *Thompson* further enunciated the standard for granting a new trial when it is discovered that a seated juror fails to fully respond to voir dire questioning:

> [R]elief is required only when the court finds the concealed information would have supported a challenge for cause, or would have been a material factor in the use of the parties' peremptory challenges. The inquiry must focus on the character of the concealed information, not the mere fact that a concealment occurred. *Thompson, supra,* 339 S. E. (2d) at 506.

The trial court erroneously relied on Juror Tribble's announcement that she tried her best to be impartial and fair. The qualification of a juror is not to be determined alone by the fact that she declares her fairness and impartiality. *Brown v. S. H. Kress & Co.*, 170 S. C. 178, 170 S. E. 142 (1933). The record reveals that on voir dire examination: 1) Juror Tribble concealed the fact that she was a patient of respondent doctor; and 2) failed to disclose any predisposition which would prevent her from fairly and impartially deciding the case. Yet on the day of the jury's verdict, Juror Tribble expressed disdain for malpractice suits. We conclude that it was error to deny appellant's motion for a new trial because these facts could have supported a challenge for cause or could have been a material factor in the use of the appellant's peremptory challenges. Therefore, this case is reversed and remanded for a new trial.

In view of our disposition of the foregoing issues, it is not

necessary that this court address appellant's remaining exceptions.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.