1859

Vernie MORRIS, As Personal Representative of the Estate of Raquel Morris, Deceased, Appellant v. Irving Dana JENSEN, Respondent.

(420 S.E. (2d) 710)

Court of Appeals

*Hutson S. Davis, Jr.*, Beaufort, *for appellant.*

*James. S. Gibson, Jr.*, Beaufort, *for respondent.*

Heard March 18, 1992; Decided Aug. 10, 1992.

Reh. Den. Sept. 17, 1992.

BELL, Judge:

This is an action for wrongful death. Vernie Morris, as personal representative of the estate of Raquel Morris, filed suit against Irving Dana Jensen alleging negligence in the automobile death of Raquel Morris. Jensen answered denying any negligence on his part and asserting the defense of contributory negligence on the part of Raquel Morris. The jury returned a verdict for Jensen. After the trial, a member of the jury contacted the attorney for Morris and alleged jury misconduct. Morris moved for a new trial based upon the misconduct. The trial judge denied the motion. Morris appeals. We affirm.

The case arose out of a highway accident in Beaufort County. Jensen was driving a Cadillac automobile along a state highway in a rural area when he struck and killed Raquel Morris, a child. Jensen's defense was that the accident was caused by the child's darting suddenly into the road without looking for traffic. During voir dire of the venire, the trial judge gave a brief recitation of the facts of the case. He informed the venire that the case involved the wrongful death of a small child. He then asked if any member of the panel knew of any reason why they could not give both parties a fair and impartial trial. No one in the panel responded.

Following the jury verdict, a member of the jury contacted Morris's attorney. In an unsworn statement, the juror accused the forelady of the jury of being prejudiced, among other reasons, because her husband had hit and killed a boy on a bicycle while driving his car. The juror also stated the forelady's overbearing and superior attitude convinced other jurors to vote in a manner that they might not otherwise have voted.

## I.

Morris first contends the forelady's failure to disclose pertinent information during voir dire entitled her to a new trial.

The granting or denial of a new trial motion is directed to the trial judge's discretion. *Umhoefer v. Bollinger*, 298 S.C. 221, 379 S.E. (2d) 296 (Ct. App. 1989). A party seeking a new trial based upon the disqualification of a juror must show: (1) the fact of disqualification; (2) the grounds for disqualification; and (3) the moving party was not negligent in failing to learn of the disqualification before the verdict. *Thompson v. O'Rourke*, 288 S.C. 13, 339 S.E. (2d) 505 (1986). The trial judge found Morris failed to show any bias of the forelady which would require disqualification.

During the voir dire, the trial judge asked members of the venire whether anyone knew of any reason why he could not give both parties a fair trial. The judge did not explain that the case involved an automobile accident. Morris did not request the judge to examine the prospective jurors to determine their biases or prejudices in cases involving the automobile deaths of children.

This case is distinguishable from *Gray v. Bryant*, 298 S.C.

285, 379 S.E. (2d) 894 (1989), cited by Morris. In *Gray*, the trial judge asked the jury panel if they or their immediate family members had been treated by the defendant physician. The trial judge also requested members of the jury panel to divulge any reason that would prevent them from fairly and impartially deciding the case. No juror responded to either question. Later, it was discovered that a juror had been treated by the defendant. On the same day the jury rendered a verdict, the juror wrote a letter to a newspaper lauding physicians and criticizing people who sue doctors. The Supreme Court held the trial judge erred in denying the plaintiff's motion for a new trial, because the juror concealed the fact she had been treated by the doctor and did not disclose a predisposition which would prevent her from fairly and impartially deciding the case.

Unlike *Gray v. Bryant,* this case does not involve withholding an answer to a precise question which was asked to elicit a specific material fact about the prospective jurors. The judge did not ask the venire if they or any of their family members had ever been involved in an accident in which an automobile struck and killed a child. Thus, the forelady's nondisclosure was not an act of deliberate concealment in response to voir dire examination nor was Morris's failure to discover this alleged fact the result of active concealment by a prospective juror. Morris could have requested the judge to examine the venire on this matter if she felt it affected their qualification as jurors. She cannot now raise as a basis for a new trial a matter which she could have previously discovered by exercising due diligence. *See, Edwards v. Cottingham,* 171 S.C. 131, 171 S.E. 621 (1933).

## II.

Morris also argues that the trial judge erred in denying her motion for a new trial because the forelady's passion and prejudice unfairly influenced the jury's verdict.

The granting or denial of a new trial motion rests within the sound discretion of the trial judge. *See, Umhoefer, supra.* This Court will not disturb the judge's ruling unless an abuse of discretion is shown. *Id.*

The judge found no evidence that the forelady exerted

undue influence on the jury panel. The only allegation of bias was an unsworn juror's statement that in her opinion the forelady was prejudiced and might have influenced some other jurors. In the circumstances, an unsworn statement was not competent evidence. *Cf. Lineberger v. Colonial Life & Accident Insurance Company*, 12 N.C. App. 135, 182 S.E. (2d) 643 (1971) (unsworn allegations not evidence); *Bertha Mineral Co. v. Buie*, 27 Ga. App. 660, 109 S.E. 539 (1921) (unsworn affidavit not evidence); *Walters v. State*, 128 Ga. App. 232, 196 S.E. (2d) 326 (1973) (defendant's unsworn statement not evidence). Moreover, the statement is far from a convincing demonstration that the verdict was based on jury bias rather than the evidence at trial. The declarant herself states:

> I feel that I am an honest person and was unbiased in the case even though the forewoman accused me of being biased because of the sentiment presented by the plaintiff's attorney. My vote when I finally did vote was based upon the evidence presented that would show dual negligence. . . .

In addition, the judge found the evidence supported the jury's verdict. While the statement discloses the declarant's personal dislike of what she perceived as the forelady's hostile, overbearing manner, it does not prove that the verdict resulted from anything other than a reasonable view of the evidence. We find no abuse of discretion in the judge's refusal to grant a new trial.

Affirmed.

GARDNER and CURETON, JJ., concur.