538 S.E.2d 5

Carolyn LONG, Appellant,

v.

NORRIS & ASSOCIATES, LTD. and Lou Norris, Individually, Respondents.

No. 3243.

Court of Appeals of South Carolina.

Heard Sept. 11, 2000.

Decided Sept. 25, 2000.

Rehearing Denied Nov. 11, 2000.

Henry Hammer, Howard Hammer, G. Randall McKay, and Arthur Kerr Aiken, all of Hammer, Hammer, Carrigg & Potterfield, of Columbia, for appellant.

James C. Harrison; and Claudia V. Cain LaBarre, both of Columbia, for respondents.

ANDERSON, Judge:

Carolyn Long brought this action against Norris and Associates, Ltd. and Lou Norris, individually, alleging Lou Norris committed assault and battery when he repossessed her car. At trial, Defendant, Lou Norris, moved for a directed verdict. The Circuit Court granted his motion. The jury returned a verdict against Norris and Associates and awarded $9,931.90 to Long. Norris and Associates made a Rule 60(b), SCRCP motion to set aside the judgment. It sought this relief stating a juror failed to honestly respond to the court's voir dire. The Circuit Court agreed. Long appeals both the trial court's issuance of the directed verdict and the order setting aside the judgment. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

In the early morning hours of February 2, 1995, Carolyn Long was stirred from sleep by the blaring of her car alarm. For Long, this was not an unusual event—a cat occasionally triggered the alarm when climbing on the vehicle in a quest for warmth from the engine's radiating heat. As she had done in the past, Long got up to go outside and turn off the alarm. In this circumstance, however, instead of finding the feline, Long encountered a man unknown to her who was taking her automobile. According to Long, the stranger pushed her to the ground and drove her car away.

Long reported the incident to the police that night. The police, in turn; informed Long the car had been repossessed.

Long filed an action against Norris and Associates and Lou Norris, individually, for assault and battery arising out of Lou

Norris's repossession of her automobile.[1] Long sought both actual and punitive damages for the physical and emotional damages she claimed to have suffered because of Defendants' actions.

Lou Norris moved at the close of evidence that he "be dropped or dismissed from [the] case as a defendant" because "at all times he was acting within his authority as an employed agent of Norris and Associates" and that Long presented "no evidence ... [Lou Norris] acted outside of his capacity as an agent of [the business]." Over Long's objection, the judge granted the motion.

The case went to the jury against Norris and Associates. The jury returned a verdict in favor of Long for $2,931.90 actual damages and $7,000 punitive damages.

The Circuit Court entered the judgment on May 12, 1998. On June 1, 1998, Norris and Associates moved for relief pursuant to Rule 60(b), SCRCP.

Norris and Associates alleged, despite the Circuit Court's specific voir dire relating to the jury pool's experience with automobile repossession, it had confirmed juror Preston Anderson failed to reveal his vehicle was repossessed in 1996. It submitted Anderson's credit report, which detailed the repossession, as support for its allegation. Norris and Associates investigated Anderson because he seemed to manifest a preference for Long during the trial.

Norris and Associates supplemented its post-trial motion by filing an affidavit of Wayne Alston, manager of Fidelity Financial Services. Fidelity financed the automobile purportedly repossessed from Anderson. Alston averred, *inter alia*, that:

- Anderson once financed a car through Fidelity;

- Anderson failed to make payments on the car;

- Fidelity furnished Anderson with notice of right to cure before pursuing repossession, yet Anderson did not take steps to rectify the situation; and

- Fidelity repossessed the car on June 24, 1996.

---

1. Long also alleged conversion, but she abandoned this claim at trial.

Fidelity secured a $5,079.02 deficiency judgment against Anderson after its sale of his car. Anderson paid $100 toward the judgment. Fidelity charged off the remainder.

Norris and Associates later filed an affidavit signed by Anderson. In this document, Anderson admitted:

- **"All of the statements made by Mr. Alston in [Alston's affidavit] regarding my car being repossessed are true and accurate";**

- **"I was a customer of Fidelity Financial and when I fell behind in my car payments, my automobile was repossessed on June 24, 1996.";** and

- **"I was selected as a juror because I did not admit that my car had been repossessed."**

(Emphasis added).

The Circuit Court set aside the judgment on the ground of Anderson's disqualification as a juror.

Long moved to alter or amend the trial court's order. Accompanying her motion was a second affidavit by Anderson. In that statement, characterized by Long as "explanatory," Anderson declared he had mechanical problems with the car and discussed these difficulties with the dealer and the finance company when "[f]inally we reached an agreement whereby I voluntarily turned the car in to the finance company. The car was not repossessed by any repossession company." Anderson professed he did not know "why [he] did not hear or understand the question" but he "could be fair and impartial to both the Plaintiff and Defendant[s] in this case. . . ." The Circuit Court denied Long's motion.

Long appeals: (1) the order setting aside the verdict, and (2) the judge's decision to dismiss Lou Norris as a party.

### ISSUES

I. Did the Circuit Court properly grant Norris and Associates' motion for relief from judgment on the ground of juror disqualification?

II. Did the Circuit Court err in dismissing Lou Norris individually from the action?

## STANDARD OF REVIEW

### I. Granting of a New Trial Due to Juror Failure to Honestly Respond to Voir Dire

The granting of a new trial based on a juror's failure to honestly respond to the court's voir dire remains within the sound discretion of the trial court. *Morris v. Jensen,* 309 S.C. 153, 420 S.E.2d 710 (Ct.App.1992). A circuit judge's decision to issue such an order will not be reversed absent an abuse of discretion. *Id.*

### II. Directed Verdict

In ruling on a motion for directed verdict, the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 518 S.E.2d 591 (1999); *Collins v. Bisson Moving & Storage, Inc.,* 332 S.C. 290, 504 S.E.2d 347 (Ct.App.1998); *see also Weir v. Citicorp Nat'l Servs., Inc.,* 312 S.C. 511, 435 S.E.2d 864 (1993) (an appellate court must apply the same standard when reviewing the trial judge's decision on such motions).

When the evidence yields only one inference, a directed verdict in favor of the moving party is proper. *Swinton Creek Nursery v. Edisto Farm Credit, ACA,* 334 S.C. 469, 514 S.E.2d 126 (1999). If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. *Mullinax v. J.M. Brown Amusement Co., Inc.,* 333 S.C. 89, 508 S.E.2d 848 (1998).

In ruling on a directed verdict motion, the trial court is concerned only with the existence or nonexistence of evidence. *Jones v. General Elec. Co.,* 331 S.C. 351, 503 S.E.2d 173 (Ct.App.1998). The trial court can only be reversed when there is no evidence to support the ruling below. *Swinton Creek Nursery,* 334 S.C. at 477, 514 S.E.2d at 130.

When reviewing the grant of a directed verdict, the appellate court should not ignore facts unfavorable to the opposing party. *Collins,* 332 S.C. at 296, 504 S.E.2d at 350. Rather, it must determine whether a verdict for the opposing party would be reasonably possible under the facts as liberally

construed in the opposing party's favor. *Jones,* 331 S.C. at 356, 503 S.E.2d at 176; *see also First State Sav. & Loan v. Phelps,* 299 S.C. 441, 385 S.E.2d 821 (1989) (in reviewing the granting of a directed verdict, the court should determine the elements of the action alleged and whether any evidence existed on each element).

## *LAW/ANALYSIS*

### I. Relief from Judgment Based on Juror Disqualification

Long asserts the Circuit Court erred in granting the motion for relief from judgment based on juror disqualification. We disagree.

### A. Counsel's Right to Truthful Answers From Jurors During Voir Dire

The leading case in South Carolina on this issue is *State v. Gulledge,* 277 S.C. 368, 287 S.E.2d 488 (1982). *Gulledge* edifies:

Necessarily, it is expected and required that jurors in their answers shall be completely truthful and that they shall disclose, upon a general question, any matters which might tend to disqualify them from sitting on the case for any reason. It therefore becomes imperative that the answers be truthful and complete. False or misleading answers may result in the seating of a juror who might have been discharged by the Court, challenged for cause by counsel or stricken through the exercise of peremptory challenge.

*Id.* at 371, 287 S.E.2d at 490 (quoting *Photostat Corp. v. Ball,* 338 F.2d 783, 786 (10th Cir.1964)).

Norris and Associates requested the Circuit Court make the following query during voir dire: "Are any of you in the business of repossessing automobiles or **have any of you had an automobile that was repossessed?**" (Emphasis added). Two potential jurors responded in the affirmative to the court's question. The court subsequently dismissed both people.[2]

---

2. We note the transcript from the Rule 60(b) hearing indicates a third juror was excused by the court because his father worked for Ford Motor Credit Company.

Anderson, however, remained silent. Because Anderson had an automobile repossessed in the past, he improperly allowed the Circuit Court to impanel him.

## B. Standard for Relief

In *Gray v. Bryant*, 298 S.C. 285, 379 S.E.2d 894 (1989), the Supreme Court recited the requirements for a new trial based upon the disqualification of a juror. Specifically, a party must demonstrate:

(1) the fact of disqualification;

(2) the grounds for disqualification were unknown prior to verdict; and

(3) the moving party was not negligent in failing to learn of the disqualification before verdict.

*Id.* at 288, 379 S.E.2d at 896 (citing *Thompson v. O'Rourke*, 288 S.C. 13, 339 S.E.2d 505 (1986)).

The circumstances in *Gray* are similar to those of the case *sub judice* inasmuch as both matters possess the element of juror nondisclosure during voir dire. *Gray* featured a plaintiff in a medical malpractice action who sought to amend his motion for a new trial upon discovering a juror failed to honestly respond to the court's voir dire. The trial court asked whether any juror: (1) had been a patient of defendant doctor; or (2) possessed any bias that would interfere with his or her ability to serve with fairness and impartiality. The juror in question did not respond to either query and was seated. However, plaintiff learned after trial the juror had: (1) been treated by defendant; and (2) written a letter lauding physicians and criticizing people who sue them, which a local newspaper published two weeks after the trial. The record reviewed by the *Gray* Court showed the juror wrote the letter on the same day the jury rendered its verdict.

### 1. *Gray* Analysis

### a. Fact of Disqualification

■ Norris and Associates specifically requested voir dire that delved into whether any potential juror ever had an automobile repossessed. The Circuit Court assented and questioned the jury pool. Indubitably, Norris and Associates were seeking to purge, or at least identify, those persons who

lost the use and ownership of a car to a creditor.[3] Two members of the jury pool acknowledged past repossessions. Consequently, the judge disqualified the two from jury service. Because the trial court excised the two potential jurors from the panel based on their repossession experiences, we find Anderson's disqualification was sufficiently established.

### b. Grounds for Disqualification Unknown

In the post-trial hearing, Norris and Associates asseverated it had no knowledge of Anderson's past vehicle repossession. Long did not contest Norris and Associates' claim. The Circuit Court held this element in the *Gray* test was undisputed. We concur.

### c. Existence of Negligence in Failing to Identify Juror's Disqualification Before Verdict

Long contends Defendants were negligent in failing to timely identify Anderson's disqualification. Specifically, Long argues Defendants:

- should have discovered the fact of disqualification sooner because Defendants could have obtained background information on the potential jurors before trial; and

- were on notice of a potential problem with Anderson's service as a juror by their observation of Anderson's facial expressions during trial, which created their concern the juror was favoring Long.

We disagree.

### i. Need for Conducting Background Checks of Jurors

There were 200 to 300 persons summoned for jury service for the term in which the instant dispute was tried. Because of this number, the Circuit Court found due diligence did not require Defendants to incur the significant expenses related to assembling information on every jury pool member's finances and credit history. We concur. To hold otherwise conceivably creates a burden on the trial bar to perform background

---

3. As the trial court recognized in its order to set aside the judgment, Defendants' desired voir dire was proper and material to the action because the case arose out of the repossession of Long's car.

checks in all jury selections to prevent the danger of juror disqualification.

While parties in matters with large stakes on the line may endeavor in scrutinizing their jury pools, pursuant to the rules of professional conduct and other applicable authorities, requiring the perscrutation of jurors' lives in every case would place an overwhelming onus on the parties. This Court declines to expand the duty of parties and attorneys to include investigation of prospective jurors.

### ii. Norris and Associates' Promptness in Investigating Its Concerns of Anderson

The Circuit Court found Norris and Associates acted with due diligence in its examination of Anderson's background following the trial. We agree. In a circumstance such as the one presented in the instant case, to require an attorney raise an objection to a juror's service during trial **based solely on the juror's facial expressions** is an unreasonable expectation.

Defendants had no evidence during trial to support their concerns of Anderson; accordingly, they raised no contemporaneous objection. Nevertheless, Norris and Associates promptly mobilized after judgment, discovered the truth about Anderson, and made a prompt Rule 60(b) motion for relief. *See* S.C. Jur. *Appeals and Error* § 81 (1992) (citing *Stelter v. Keenan*, 287 S.C. 389, 339 S.E.2d 116 (1986)) ("If juror bias is suspected after the jury is impaneled, [the matter] should be raised at the first opportunity by proper motion. . . ."). In our judgment, Norris and Associates made a timely and proper objection to Anderson's service as a juror.

### d. Additional Criterion: Moving Party's Demonstration That Concealed Information Would Have Supported a Challenge

██ The right to a new trial in circumstances relating to improper juror silence during voir dire is not absolute. *Gray*, 298 S.C. at 288, 379 S.E.2d at 896 (citing *Thompson*, 288 S.C. 13, 339 S.E.2d 505 (1986)). As recounted in *Gray:*

"[R]elief is required only when the court finds the concealed information would have supported a challenge for cause, or would have been a material factor in the use of the party's

peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred."

*Id.* (quoting *Thompson*, 288 S.C. at 15, 339 S.E.2d at 506 (1986)).

The *Gray* Court concluded the facts "could have supported a challenge for cause or could have been a material factor in the use of the appellant's peremptory challenges." In the case at bar, the trial court found the truth about Anderson's credit history could have supported Norris and Associates' challenges for cause or peremptory challenges. We affirm the trial court's ruling.

## C. The Truth Telling Mandate of Voir Dire

A raison d'etre for the jury system in this country is to provide litigants the assurance of a fair and impartial trial. *See State v. Gulledge*, 277 S.C. 368, 370, 287 S.E.2d 488, 489 (1982) (citing S.C. Const. art. I, § 14 and U.S. Const. amend. VI) ("It is fundamental that a defendant is entitled to a trial by an impartial jury."). It is the duty of every potential juror to make true and full disclosures during voir dire because counsel is entitled to rely on the answers in determining whether to exercise a peremptory strike.

The voir dire procedure is explicated:

Full knowledge of all relevant and material matters that might bear on the possible disqualification of a juror is essential to a fair and intelligent exercise of the right of counsel to challenge either for cause or peremptorily. Juror concealment of material facts in response to questions bearing a substantial likelihood of uncovering a strong potential of juror bias undermines the peremptory challenge process.... Accordingly, it is the duty of a juror to make full and truthful answers to such questions as are asked, neither falsely stating any fact nor concealing any material matter. The voir dire oath administered to jurors prior to their examination enjoins them to tell the complete and entire truth.

47 Am.Jur.2d *Jury* § 191 (1995) (footnotes omitted); *see also id.* at § 189 (voir dire examination serves as a filtering process

to screen out prospective jurors who are unable to put aside any personal opinions and base a decision on the evidence).

Long attempts to mend the damage caused by Anderson's nondisclosure with two arguments:

■ Citing *State v. Aldret*, 333 S.C. 307, 509 S.E.2d 811 (1999), Long insists the Circuit Court should not have set aside the judgment without conducting a hearing to ascertain whether Anderson exhibited any bias that prejudiced Defendants. Long's reliance on *Aldret* is misplaced. The rule to which Long refers is limited solely to circumstances where the jury engages in premature deliberations. *Id.* at 315–316, 509 S.E.2d at 815. No premature deliberations occurred in the instant matter. Nevertheless, the Circuit Court conducted a hearing and determined Anderson had a vehicle repossessed and failed to respond to the voir dire question on this point.

Anderson admitted in his first affidavit the "statements . . . regarding my car being repossessed are true and accurate." However, Long asserts in her brief "[t]he juror's vehicle was not repossessed" because "it was turned over to the finance company." The question posed by the trial court concerned **whether the juror had ever had a vehicle repossessed, not the method used to effect the repossession.**

A case with strikingly similar facts in regard to a juror response to voir dire posited by the trial court is *State v. Woods*, 338 S.C. 561, 527 S.E.2d 128 (Ct.App.2000). In *Woods*, the judge asked "if anyone was a 'friend or casual acquaintance with any of them or business associate or social acquaintance with any of them, [including] having been represented by any of them in the past.' " The trial court further inquired whether anyone was a "contributor to or supporter of any organization which has as its primary function the promotion of law enforcement or protection of victims' rights such as MADD, SADD, CAVE, or the like. . . ." After the jury returned its verdict, but before sentencing, Woods' counsel told the court, "I've just been informed that one of the jurors was actually a worker in the solicitor's office for a period of time and I don't recall her answering that question during the voir dire." Woods moved for a new trial based on the "after-discovered information." Woods' counsel later said, "[i]f we had known prior to the verdict coming in that she had been working in the victim's office, I would certainly have . . .

challenge[d] for cause or at the very least ... use[d] a peremptory challenge to try to keep her off the jury." Woods had one peremptory challenge remaining when the juror's name was called.

In an attempt to justify the failure to respond to voir dire, the juror testified "she did not recall the question being asked and, even if she did hear the question, 'it just didn't synchronize [sic].'"

The trial court denied Woods' motion for new trial, determining the juror's failure to disclose was not intentional.

In reversing the trial court's decision, this Court concluded Woods was denied his constitutional right to have an impartial jury determine his guilt or innocence because the juror did not disclose information during voir dire questioning and the concealed information would have supported a challenge of cause.

Long relies upon *State v. Kelly*, 331 S.C. 132, 502 S.E.2d 99 (1998), contending Anderson's conduct was "not intentional." *Kelly* analyzed a scenario where there was juror questioning concerning a pamphlet "God, Law, and Capital Punishment." Kelly argued prospective jurors had been less than truthful when initially questioned under oath. The trial judge did not find members of the jury where untruthful. Our Supreme Court elucidates:

'[A new trial] is required only when the court finds the [intentionally] concealed information would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.' *Thompson v. O'Rourke*, 288 S.C. 13, 15, 339 S.E.2d 505, 506 (1986). Using the juror disqualification analysis developed by this Court, our first question is whether Juror P intentionally concealed information in not revealing his past activities during voir dire. *Gray v. Bryant*, 298 S.C. 285, 379 S.E.2d 894 (1989).

*Id.* at 146, 502 S.E.2d at 106–107.

We agree that the juror's lack of response in this case must rise to the level of "intentionally concealed information." Considering the facts available to us, especially the telling statements found in Anderson's first affidavit, we find

Anderson did not truthfully respond to the trial court about his 1996 automobile repossession. Concomitantly, in the interest of justice, in circumstances where:

(1) it is discovered a juror did not disclose a truthful answer in response to voir dire;

(2) the juror's disqualification is discovered following trial;

(3) a truthful response could have supported a challenge for cause or could have been a material factor in the use of a peremptory challenge; and

(4) the *Gray* criteria have been satisfied,

the proper remedy for the injured party is a *de novo* trial. *Gray v. Bryant,* 298 S.C. 285, 379 S.E.2d 894 (1989); *see also Shafer v. Schuster,* 882 S.W.2d 310 (Mo.Ct.App.1994), *cited in* Annotation, 66 C.J.S. *New Trial* § 25 (1998) (in the case of a juror's intentional nondisclosure in response to voir dire, bias and prejudice are inferred, and a new trial is required).

## II. Dismissal of Lou Norris Individually from Action

■ Long maintains the Circuit Court erred in dismissing Lou Norris individually from the action. She specifically argues she was entitled to proceed against both defendants, even if Lou Norris was acting on behalf of Norris and Associates in a representative capacity. We agree.

■ Lou Norris was an agent of Norris and Associates and acting in the scope of his employment when he repossessed Long's car. In circumstances where an agent has committed a tort against a third person, the agent's liability for the resulting damages is unaffected by the fact he was acting in a representative capacity. *Gilbert v. Mid–South Mach. Co.,* 267 S.C. 211, 227 S.E.2d 189 (1976); F. Patrick Hubbard and Robert L. Felix, *The South Carolina Law of Torts* 634 (2d ed. 1997) (footnotes omitted) ("Vicarious liability does not eliminate the primary liability of the tortfeasor."); Restatement (Second) of Agency § 217B(2) (1957) ("Principal and agent can be joined in an action for a wrong resulting from the tortious conduct of an agent or that of agent and principal, and a judgment can be rendered against each."). The Circuit Court's dismissal of Lou Norris was erroneous.

Norris and Associates concedes in its brief to this Court that "Lou Norris should have remained a named party in his individual capacity." Notwithstanding this, it contends:

(1) Long did not preserve the issue for review; or, in the alternative,

(2) the alleged error was harmless because the case was fully litigated as though Lou Norris had not been dismissed from the suit.

We find no merit to either of Norris and Associates' arguments.

## A. Long's Efforts to Preserve the Issue

 Examination of the pertinent exchanges between the parties and the trial court reveals Long objected to Lou Norris' dismissal:

Lou Norris' Counsel: Your Honor, we ... move ... that Lou Norris individually be dropped or dismissed from this case as a defendant. There's been no evidence that he acted outside of his capacity as an agent of Norris and Associates, and that's the only allegations [sic] that are in the pleadings.[4] That at all times he was acting within his authority as an employed agent of Norris and Associates, Inc., and without anything keeping him in individually, you know, I think it's proper that he be dismissed and this action go forward against Norris and Associates, Inc. only.

Long's Counsel: [T]he only thing that we have is the pleadings[,] which admit that [Norris] was an agent and the testimony[,] which say that he was the one that did it, and his denial of doing it.[5] So, if he's the one that did it, he did it individually.

. . . .

The Court: [T]here's no factual dispute established by the pleadings of this case that [Lou Norris] was not acting as

---

4. Long's Complaint contains the following allegation:

> 3. That when the Plaintiff went to her vehicle to turn the alarm off, she was violently and negligently assaulted by the Defendant, Lou Norris, acting within the course and scope of his duty as an agent of the Defendant, Norris and Associates, Ltd.

5. Defendants' Answer includes the following admission:

> 3. Only so much of paragraph 3 is admitted as alleges that the Defendant, Lou Norris, was acting within the course and scope of

an agent of the company. So, I would dismiss him individually.

(Emphasis added).

▇▇▇▇ To properly preserve an issue for review, the litigant must make a contemporaneous objection. *Doe v. S.B.M.*, 327 S.C. 352, 488 S.E.2d 878 (Ct.App.1997). The objection must be ruled on by the trial judge. *Wilder Corp. v. Wilke*, 330 S.C. 71, 497 S.E.2d 731 (1998). A party is not required to harass the trial judge with repetitive objections when an intelligible one has been made. *See State v. Higgenbottom*, 337 S.C. 637, 640–641, 525 S.E.2d 250, 251 (Ct.App. 1999) (quoting *State v. McDaniel*, 320 S.C. 33, 37, 462 S.E.2d 882, 884 (Ct.App.1995) ("So long as the judge had an opportunity to rule on an issue, and did so, it was 'not incumbent upon ... counsel to harass the judge by parading the issue before him again.' ")). Irrefutably, Long preserved the issue.

### B. Lou Norris' Dismissal as Harmless Error

Norris and Associates propose as an alternative argument that this Court should view Lou Norris' dismissal as harmless error because Long did not demonstrate any prejudice by the judge's decision. We need not address this argument because the Circuit Court dismissed Lou Norris in contravention of the laws of agency and tort.

We reverse the trial court's dismissal of Lou Norris from the action in his individual capacity.

### *CONCLUSION*

We hold the voir dire oath mandates that a prospective juror tell the entire truth. A juror's lack of honesty and candor during voir dire is a violation of his oath, as well as a barrier to a party's efforts in identifying potential jurors who harbor a bias. Juror concealment of material facts during voir dire is anathema to justice. We affirm the order of the Circuit Court setting aside the verdict in this case based on juror disqualification.

▇▇▇▇ A person is liable to others for his own tortious conduct. This responsibility is unaffected by the fact that the

---

his employment as an agent of the Defendant, Norris and Associates, Ltd. The remainder of the paragraph is denied.

tortfeasor was acting in a representative capacity. We reverse the trial court's dismissal of Lou Norris as an individual defendant.

This case is remanded to the Circuit Court for a new trial with both Norris and Associates and Lou Norris, individually, as defendants.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

GOOLSBY and HUFF, JJ., concur.