# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Darris Hassell, Respondent,

v.

The City of Columbia, Appellant.

Appellate Case No. 2017-001750

―――――――――――――

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

―――――――――――――

Opinion No. 5734
Submitted May 1, 2020 – Filed July 1, 2020

―――――――――――――

**AFFIRMED**

―――――――――――――

Chad Nicholas Johnston, of Columbia, and Robert
Walker Humphrey, II, of Charleston, both of Willoughby
& Hoefer, PA, and Teresa A. Knox, of Columbia, all for
Appellant.

Paul L. Reeves, of Reeves and Lyle, LLC, of Columbia,
for Respondent.

―――――――――――――

**THOMAS, J.:** The City of Columbia appeals a jury verdict awarding Darris
Hassell $200,075 in his action against the City for false imprisonment, malicious
prosecution, and negligent supervision. The City argues the circuit court erred in
(1) refusing to order a new trial based on a juror's failure to disclose a prior arrest
during voir dire and (2) denying its motion for a new trial *nisi remittitur*. We
affirm.

**FACTS**

Hassell, a professor at the University of South Carolina (USC)-Lancaster, was stopped while driving by City of Columbia police officer Cameron Duecker on the night of February 18, 2014, in downtown Columbia. Although Hassell stated he was not a drinker, Duecker reported he smelled alcohol and required Hassell to perform sobriety tests in front of people gathered nearby. The stop was video recorded, but the video was lost.

Duecker next transported Hassell to the police station, handcuffed him to a wall, and gave him the breathalyzer test. This test was also video recorded, and it indicated a blood alcohol concentration of 0.00.[1] Duecker transported Hassell to the detention center and then to a hospital for a urine sample, which was also lost. Hassell was returned to the detention center and moved into a cell with nine to ten people. He was released on bond at 6:00 p.m. on February 19 and ticketed with making an improper turn and driving under the influence (DUI). The charges were eventually dropped.

Hassell testified he missed work, was embarrassed and humiliated, felt helpless, had to call his aunt from jail and hear her cry, knew his mother would find out, and had to explain the incident to the USC-Lancaster administration. He also testified he missed three doses of his prescription medication. Finally, he testified his car was towed and he had to pay $75 to retrieve it. Christopher Harris, Hassell's student assistant, testified that at the time of the incident, he looked for Hassell for two days, not knowing where he was and reaching a full voice mailbox each time he called. When Hassell told Harris about the arrest, Hassell was very embarrassed.

At the end of the trial, by verdict form filed May 19, 2017, the jury found for Hassell on all three causes of action and awarded him $200,075 in damages. On May 31, 2017, the City filed a motion for a new trial, and/or new trial *nisi remittitur*, arguing, *inter alia*, the verdict was punitive despite statutory prohibition of such and the damages were grossly excessive. After a hearing, the circuit court denied all motions by order filed June 27, 2017.

---

[1] The video recording taken at the station about thirty minutes after the stop depicted Hassell as calm and polite, and he does not appear intoxicated.

On June 30, 2017, the City filed another motion for a new trial based on newly-discovered evidence of juror misconduct. During voir dire, the court had asked, "[H]ave you or a close family member ever been arrested by a City of Columbia police officer?" One juror had responded, indicating his or her son had been arrested. The juror who became the foreperson did not respond. The City alleged it had contacted jurors after the verdict was returned and during efforts to locate the foreperson, it learned he had been arrested by an officer of the City one year prior to the trial.

During a hearing on the motion, the City, represented by new counsel, relied on *Long v. Norris & Associates*, 342 S.C. 561, 538 S.E.2d 5 (Ct. App. 2000), arguing it was entitled to a new trial based on juror concealment. Hassell argued *Gray v. Bryant*, 298 S.C. 285, 379 S.E.2d 894 (1989), applied, which mandated a denial of the motion for a new trial because the City had the opportunity to find the information and chose not to do it despite the information being in two different places in the City's own files and in the public record. In addition, Hassell argued "everybody got a fair trial." Hassell finally argued there was no evidence of intentional concealment by the juror, who could merely not have heard the question.

The circuit court noted,

> Forget the venire. They give you a list every Monday, and it has whether or not a juror has been arrested. . . . And whatever judge qualified the panel that day, he would have known that somebody had an arrest for anything from trespassing to shoplifting or even a speeding ticket almost. So, the information was available, should have been available, on this jury the Monday morning when the venire was qualified. That's how it works around here. . . .
>
> I'm telling you what the courthouse standard practice is. I don't know what the [C]ity does, but every Monday when you qualify the jury, . . . the clerk . . . has a list of everybody with a prior record for anything above a speeding ticket, okay? So, that information on this jury should have been available to the [C]ity Monday morning on the week of that trial. That's how it works here in Richland County.

By order filed July 27, 2018, the court denied the City's motion for a new trial based on juror concealment.[2]  Hassell moved for sanctions and attorney's fees, arguing the City's trial counsel did not appear at the posttrial motions; thus, no information was available regarding what actions the City took or failed to take regarding the allegation of juror misconduct.  Hassell also argued the City made no effort to introduce evidence at the hearing to support its position on juror concealment.  This appeal followed, and this court granted the City's motion to enforce the automatic stay; thus, Hassell's motion for sanctions and attorney's fees remains pending in the circuit court.[3]

**STANDARD OF REVIEW**

"A denial of a new trial based on alleged jury misconduct is reviewed for an abuse of discretion."  *State v. Galbreath*, 359 S.C. 398, 402, 597 S.E.2d 845, 847 (Ct. App. 2004).  In addition, a trial court's denial of a motion based upon a juror's misleading or incomplete answers during voir dire will be affirmed absent a prejudicial abuse of discretion.  *Id.*; *Long*, 342 at 568, 538 S.E.2d at 9 ("The granting of a new trial based on a juror's failure to honestly respond to the court's voir dire remains within the sound discretion of the trial court.").

"When considering a motion for a new trial based on the inadequacy or excessiveness of the jury's verdict, the trial court must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, or prejudice."  *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27, 602 S.E.2d 772, 781 (2004).  "If the amount of the verdict is **grossly** inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute." *Harrison v. Bevilacqua*, 354 S.C. 129, 140, 580 S.E.2d 109, 115 (2003) (quoting *O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993)).  "The decision to grant or deny a new trial absolute based on the excessiveness of a verdict rests in the sound discretion of the trial court and will not ordinarily be disturbed on appeal." *Elam*, 361 S.C. at 27, 602 S.E.2d at 781.

---

[2] An amended order was filed August 22, 2018, because page nine of the original order was missing.

[3] *See* Rule 241(a), SCACR ("[T]he service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order . . . .  This automatic stay continues in effect for the duration of the appeal unless lifted by order of the lower court . . . .").

**LAW/ANALYSIS**

**A. Juror Concealment/Misconduct[4]**

The City argues the circuit court erred in denying its motion for a new trial based on juror misconduct. We disagree.

The jury rendered its verdict on May 18, 2017, the City's first motion for a new trial was denied on June 27, 2017, and the City filed its second motion for a new trial, based on newly discovered evidence of juror misconduct, on June 30, 2017. Like the circuit court, we begin our analysis reviewing Rules 59 and 60(b), SCRCP. Rule 59 does not apply because the motion was filed after the ten-day limitation of Rule 59. As to Rule 60(b), we rely on *Gray*.

In *Gray*, a juror failed to respond to a voir dire question asking whether any jurors had been treated by the defendant doctor in a malpractice action. 298 S.C. at 286, 379 S.E.2d at 895. The appellant filed an amended motion for a new trial more than ten days after the verdict, but shortly after the juror's letter "lauding physicians and criticizing people who sue doctors" was published in a newspaper. *Id.* In addressing the timeliness of the motion, our supreme court stated,

> It is our view that Rules 59 and 60(b) must be read together. Rule 60(b), [SCRCP], reads in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . .

*Id.* at 287, 379 S.E.2d at 895. The court in *Gray* further noted as follows:

> This issue was addressed in *Smith v. Quattlebaum*, 223 S.C. 384, 76 S.E.2d 154 (1953). In *Smith*, defendant

---

[4] The parties alternately discuss the issue as juror concealment and juror misconduct. Intentional juror concealment is a type of juror misconduct. 6 Wayne R. LaFave, et al., *Criminal Procedure* § 24.9 (f) (4th ed. Dec. 2019 update).

moved for a new trial because of an after-discovered relationship of juror to plaintiff. [Our supreme court] ruled that the trial court had jurisdiction to hear a motion for a new trial because of the after or newly-discovered evidence exception. The Court stated further:

> It is the duty of the trial [court] to ascertain the qualifications of the jurors, and when the discharge of this responsibility is thwarted by mischance, or otherwise, it is within the court's inherent power to remedy the situation when brought to [its] attention, even after sine die adjournment of court, by the granting of a new trial, if in its discretion, necessary. *Smith*, 76 S.E.2d at 157.

While the *Smith* case relied on S.C. Code Ann. § 10-1215 (1952), the same principle applies under Rule 60(b). In the instant case, the newly discovered evidence, [the juror's] predisposition, was not discernible until [the juror's] letter was published. Even with due diligence this evidence could not have been discovered in time to move for a new trial under Rule 59(b). We find that appellant moved to amend his motion within a reasonable time after discovery of evidence of [the juror's] bias and prejudice and, in fact, before the trial court had ruled on the original motion. We hold that appellant was entitled to amend his motion for a new trial to include the allegations of [the juror's] disqualification.

We now address whether the trial court properly exercised its discretion in denying a motion for a new trial. Granting or refusal of a new trial is directed to the trial [court's] discretion. *Jenkins v. Dixie Specialty Co.*, 284 S.C. 425, 326 S.E.2d 658 (1985). **A party seeking a new trial based upon the disqualification of a juror must show: (1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in**

**failing to learn of the disqualification before verdict.** *Thompson v. O'Rourke*, 288 S.C. 13, 339 S.E.2d 505 (1986). *Thompson* further enunciated the standard for granting a new trial when it is discovered that a seated juror fails to fully respond to voir dire questioning:

> **[R]elief is required only when the court finds the concealed information would have supported a challenge for cause, or would have been a material factor in the use of the party's peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.** *Thompson*, *supra*, 339 S.E.2d at 506.

*Id.* at 287−88, 379 S.E.2d at 895−96 (emphases added).

After finding the delay in filing the motion for a new trial justified under the first test, the court in *Gray* then applied the second test and found the trial court erred in denying the "motion for a new trial because these facts could have supported a challenge for cause or could have been a material factor in the use of the appellant's peremptory challenges." *Id.* at 288, 379 S.E.2d at 896.

In this case, the circuit court found the delay in filing the motion for a new trial was not justified under the first test in *Gray*. The circuit court initially found the foreman was not disqualified "simply because of his prior arrest." The court found the City failed to produce any evidence the juror was disqualified; trial counsel did not appear at the motions hearing; the City failed to produce any evidence surrounding why the juror did not respond; and the City "provided insufficient evidence to show this juror was or would have been disqualified."

As to the second and third requirements of the first test, the circuit court found "[t]he grounds for the City's objection to the juror were known or could have been known to the City." The information, a screen shot from an internet source, appeared to have been created on or about May 21, 2016, which was at or near the time of the juror's arrest. The City offered no evidence as to how the information was found, who found the information, or when it was found. The City did not provide any affidavits or other evidence to show it did not or could not have known of the information prior to the verdict or within the time frame for posttrial

motions. The court distinguished this case from *Gray*, in which the appellant could not have known about the information within the ten-day filing period for posttrial motions. The court noted at least "two file repositories" with the information about the juror were accessible to the City. The court found the City failed to address whether searches of the repositories would have been burdensome, whether the records were accessed by trial counsel, or why she could not have accessed them if they were not accessed. The court concluded, "If the City found these records for purposes of this motion, then it follows that with due diligence, the same information was available prior to the verdict. . . . [The Rules] require[] that any 'after discovered evidence' must [be] newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ." The court concluded the City was negligent in failing to learn of the alleged misconduct prior to or within ten days after the verdict. The court distinguished *Long*, 342 S.C. at 570–71, 538 S.E.2d at 10−11, which found the defendant presented sufficient evidence of the three elements necessary for the court to grant a new trial. Thus, the court denied the City's second motion for a new trial.

Relying on *Thompson*, the City argues the trial court did not apply the proper test for intentional concealment because the first element of the first test, whether the juror is disqualified, is met if the concealed information would have supported a challenge for cause *or* if the concealed information would have been a material factor in the use of peremptory strikes.

In *Thompson*, two jurors failed to inform the court during voir dire that they had been represented by the respondent's attorney. *Thompson*, 288 S.C. at 14, 339 S.E.2d at 506. The Thompsons moved for a new trial when they discovered by searching courthouse records that the attorney or his firm had handled real estate transactions for the respondent. *Id.* The trial court applied the three-part test and found as to the first element that the jurors were not disqualified because the jurors' relationship with the attorney was not sufficient to disqualify the jurors. *Id.* The court in *Thompson* did not address the remaining two elements of the first test. *Id.*

The court in *Thompson* distinguished *State v. Gulledge*, 277 S.C. 368, 287 S.E.2d 488 (1982), as follows:

> In *Gulledge*, we held a new trial was warranted where a juror failed to respond to *voir dire* questioning concerning relationships with law enforcement personnel. The juror was related by marriage to a police

> officer who had custody of the defendant during trial and who had viewed the crime scene.
>
> The Thompsons argue *Gulledge* requires a new trial whenever it is discovered that a seated juror failed to respond to *voir dire* questioning. *Gulledge* is not a *per se* rule. Rather, relief is required only when the court finds the concealed information would have supported a challenge for cause, or would have been a material factor in the use of the party's peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.

*Thompson*, 288 S.C. at 15, 339 S.E.2d at 506.

As to the second test, the court in *Thompson* found counsel did not argue at the trial level that the use of their preemptory challenges would have been altered by disclosure of the information; thus, that issue was not preserved. *Id.* at 15, 339 S.E.2d at 506-07. The court in *Thompson* affirmed the trial court's denial of the motion for a new trial. *Id.* at 15, 339 S.E.2d at 507.

The City also relies on *State v. Woods*, 345 S.C. 583, 550 S.E.2d 282 (2001), for the second test, arguing the circuit court erred in never citing *Woods*. The City argues the circuit court erred in never applying the second test.

In *Woods*, a juror failed to properly respond to a voir dire question despite having worked as a victims' advocate in the solicitor's office. *Id.* at 585, 550 S.E.2d at 283. The defendant's counsel discovered the information after the verdict but prior to sentencing and moved for a new trial. *Id.* During a hearing on the motion, the juror testified she had worked as a volunteer victims' advocate for three years but did not have significant interaction with the solicitor. *Id.* at 585-86, 550 S.E.2d at 283. The trial court denied the motion, this court reversed, and our supreme court granted a writ of certiorari. *Id.* at 586, 550 S.E.2d at 283.

Our supreme court stated,

> When a juror conceals information inquired into during *voir dire*, a new trial is required only when the court finds the juror intentionally concealed the information,

and that the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. Where a juror, without justification, fails to disclose a relationship, it may be inferred, nothing to the contrary appearing, that the juror is not impartial. On the other hand, where the failure to disclose is innocent, no such inference may be drawn.

[T]he first inquiry in the juror disqualification analysis is whether the juror intentionally concealed the information during *voir dire.* However, . . . we [have] not precisely define[d] what constitutes an intentional concealment.

We hold that intentional concealment occurs when the question presented to the jury on *voir dire* is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the juror's failure to respond is unreasonable. Unintentional concealment, on the other hand, occurs where the question posed is ambiguous or incomprehensible to the average juror, or where the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances.

\* \* \*

[W]here a juror's response to *voir dire* amounts to an intentional concealment, the movant need only show that the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. Where the juror's failure to disclose information is "without justification," i.e., intentional, the juror's bias will be inferred. Conversely, where the failure to disclose is innocent, no inference of bias can be drawn.

*Id.* at 587, 550 S.E.2d at 284-85 (citations omitted). The court found the juror's concealment was intentional and her relationship with the solicitor's office would support a challenge for cause because her concealment prevented the defendant's

intelligent use of his preemptory challenges. *Id.* at 590, 550 S.E.2d at 285. The court in *Woods* did not address the first test. *Id.* We note, however, that the motion for a new trial was made prior to sentencing in *Woods*. *Id.* at 585, 550 S.E.2d at 283.

Even if we were to agree with the City that the circuit court erred in finding the juror was not disqualified, we find the City must also show error in the circuit court's findings as to the second and third elements of the test: the grounds for disqualification were unknown prior to verdict and the movant was not negligent in failing to learn of the disqualification before verdict. *Thompson*, 288 S.C. at 14, 339 S.E.2d at 506. On these elements, the City again relies on *Long*.

In *Long*, the plaintiff filed an action alleging injury arising from the repossession of her vehicle. *Long*, 342 S.C at 565, 538 S.E.2d at 7. The jury awarded damages, and the judgment was entered on May 12, 1998. *Id.* at 566, 538 S.E.2d at 8. On June 1, 1998, the defendant moved for relief under Rule 60(b), SCRCP, alleging a juror failed to reveal his vehicle was repossessed in 1996 despite a voir dire question on the matter. *Id.* The defendant indicated it investigated the juror due to a seeming preference for the plaintiff during the trial. *Id.* The defendant supplemented the motion with an affidavit concerning the repossession by the defendant's financial services manager and an affidavit of admission by the juror stating in part, "I was selected as a juror because I did not admit that my car had been repossessed." *Id.* at 567, 538 S.E.2d at 8. The plaintiff submitted a second affidavit by the juror, which indicated he did not hear or understand the voir dire question, and he could be impartial. *Id.* The trial court set aside the verdict. *Id.*

On appeal, this court first employed the three-part test from *Gray*, stating "a party must demonstrate: 1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in failing to learn of the disqualification before verdict." *Id.* at 570, 538 S.E.2d at 10. The court found the juror was disqualified because the question was specifically aimed at potential jurors who had lost vehicles due to a creditor and the judge had disqualified two similarly situated jurors who responded to the voir dire question. *Id.* at 570−71, 538 S.E.2d at 10.

The court also found the defendant met the second element, the ground for disqualification was unknown prior to verdict, noting that in a posttrial hearing, the defendant maintained "it had no knowledge of [the juror's] past vehicle repossession." *Id.* at 571, 538 S.E.2d at 10.

Finally, the court found the defendant was not negligent in failing to identify the disqualification before the verdict. *Id.* The court found between two hundred and three hundred persons were summoned for jury service for the relevant term and due diligence did not require a defendant to "incur the significant expenses related to assembling information on every jury pool member's finances and credit history." *Id.* at 571, 538 S.E.2d at 11. After finding the defendant met all of the elements of the first test, the court next found the concealed information would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. *Id.* at 572−73, 538 S.E.2d at 11.

Unlike in *Long*, the circuit court in this case found the City failed to meet all of the elements of the first test. We affirm, finding no abuse of discretion by the circuit court in finding the City failed to meet the second and third elements. *See Thompson*, 288 S.C. at 14, 339 S.E.2d at 506 ("A party seeking a new trial based upon the disqualification of a juror must show: (1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in failing to learn of the disqualification before verdict."); *Long*, 342 S.C. at 568, 538 S.E.2d at 9 (stating the grant "of a new trial based on a juror's failure to honestly respond to the court's voir dire remains within the sound discretion of the trial court"); *id.* (explaining an appellate court will not reverse a circuit court's decision to deny a new trial motion absent an abuse of discretion); *McCoy v. State*, 401 S.C. 363, 371, 737 S.E.2d 623, 628 (2013) ("[E]valuating the merits of a juror misconduct claim is a fact-intensive inquiry, which is most appropriately conducted after a hearing."); *State v. Bryant*, 354 S.C. 390, 395, 581 S.E.2d 157, 160 (2003) ("In cases where a juror's partiality is questioned after trial, it is appropriate to conduct a hearing in which the defendant has the opportunity to prove actual juror bias."). The circuit court in this case afforded the City a hearing; however, the City presented little evidence to explain its delay in filing its motion for a new trial. Because we affirm the circuit court's findings on the first test, we need not reach the second test.

## B.     New Trial *Nisi Remittitur*

The City also argues the circuit court erred in denying its motion for new trial *nisi remittitur*. We disagree.

During pretrial motions, Hassell consented to requesting no jury charges indicating punishment because punitive damages were not allowed against the City. During closing argument, Hassell suggested damages of Hassell's "salary of $48,000 a year . . . multipl[ied] . . . by about four [$192,000]. . . . You . . . may want to go

higher. . . . But you can use that as a benchmark . . . . " During the City's closing argument, the City conceded a verdict in Hassell's favor would be appropriate if the jury found no probable cause for the arrest and suggested the jury should compensate Hassell by approximately $6,475, calculated at $400 per hour while Hassell was at the jail, plus the cost of towing his vehicle. After the City's closing argument, Hassell's counsel asked the jury to award five times Hassell's annual salary because the City was still hurting Hassell by stating in its closing argument that he got what he deserved. The City did not object to the closing arguments.

"A trial court may grant a new trial absolute on the ground that the verdict is excessive or inadequate." *Howard v. Roberson*, 376 S.C. 143, 154, 654 S.E.2d 877, 883 (Ct. App. 2007). "The jury's determination of damages, however, is entitled to substantial deference." *Id.* "The trial [court] must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives." *Id.* "Alternatively, the trial court may grant a new trial *nisi additur* or *remittitur* when it finds the verdict is merely inadequate or excessive." *Id.* "The granting of a motion for new trial *nisi additur* or *remittitur* rests within the sound discretion of the trial court, but substantial deference must be afforded to the jury's determination of damages." *Id.* at 155, 654 S.E.2d at 883. "Compelling reasons must be given to justify invading the jury's province in this manner." *Id.*

"The grant or denial of new trial motions rests within the discretion of the trial [court,] and [its] decision will not be disturbed on appeal unless [its] findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 319−20, 628 S.E.2d 496, 518 (Ct. App. 2006). "Great deference is given to the trial [court, which] 'heard the evidence and is more familiar with the evidentiary atmosphere at trial,' and . . . thus 'possesses a better-informed view of the damages than this [c]ourt.'" *Id.* at 320, 628 S.E.2d at 518 (quoting *Vinson v. Hartley*, 324 S.C. 389, 405-06, 477 S.E.2d 715, 723 (Ct. App. 1996)).

The City cites to cases it asserts had less egregious facts with smaller verdicts. *See Solanki v. Wal-Mart Store No. 2806*, 410 S.C. 229, 241, 763 S.E.2d 615, 621 (Ct. App. 2014) (addressing only the punitive damages award, but affirming an award of $50,000 in actual damages and $225,000 in punitive damages where the plaintiff spent six nights in jail after being negligently arrested); *Swicegood v. Lott*, 379 S.C. 346, 356, 665 S.E.2d 211, 216 (Ct. App. 2008) (affirming an award of $150,000 on an abuse of process claim as neither "so excessive as to shock the

conscience, nor the result of passion, caprice, prejudice, partiality, corruption or some other improper motives" where the plaintiff lost his job and was subjected to extensive humiliation). Hassell counters, citing cases with less egregious facts and similar damages, particularly if compared to the rate per hour of false arrest. *See, e.g.*, *Caldwell v. K-Mart Corp.*, 306 S.C. 27, 32−33, 410 S.E.2d 21, 24−25 (Ct. App. 1991) (affirming an award of $75,000 for false imprisonment for fifteen minutes when the plaintiff sought damages for humiliation, embarrassment, mental distress, mental anguish, and human indignity).

We find the circuit court did not err by denying the City's motion for a new trial *nisi remittitur*. First, the jury's award of $200,075 was within the range suggested to the jury. *See Burke v. AnMed Health*, 393 S.C. 48, 57, 710 S.E.2d 84, 89 (Ct. App. 2011) ("[A]s an appellate court, we sit neither to determine whether we agree with the verdict nor to decide whether we agree with the trial [court]'s decision not to disturb it. . . . [W]e employ a highly deferential standard of review when considering the trial [court]'s ruling on each of the grounds for a new trial. In exercising this deference, we recognize the unique position of the trial [court] to hear the evidence firsthand, evaluate the credibility of the witnesses, and assess the impact of the wrongful conduct on the plaintiff in terms of damages."); *Curtis v. Blake*, 392 S.C. 494, 501, 709 S.E.2d 79, 82 (Ct. App. 2011) (refusing to disturb the trial court's denial of motions for a new trial absolute and *nisi remittitur* although the jury awarded the plaintiff $450,000 in actual damages, the plaintiff only claimed $4,530.98 in medical bills and $2,615.76 in lost wages, and the plaintiff's doctors believed he had recovered from his pain). Furthermore, the award was not "grossly . . . excessive so as to shock the conscience of the court and clearly indicate[] the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives." *Howard*, 376 S.C. at 154, 654 S.E.2d at 883. Accordingly, we find the circuit court did not err by denying the City's motion for a new trial *nisi remittitur*.

As to the City's argument that Hassell inappropriately argued to the jury to consider the City needed to "pay attention" and "care," we find the issue is not preserved for appellate review. The City failed to object to Hassell's closing argument and cannot raise the issue for the first time in its motion for a new trial or on appeal. *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial."); *Scott v. Porter*, 340 S.C. 158, 167, 530 S.E.2d 389, 393 (Ct. App. 2000) ("Ordinarily, if an appellant fails to object the first time a statement is made, he or she waives the right to raise the issue on appeal.").

**CONCLUSION**

Based on the foregoing, the circuit court's denials of the City's motion for a new trial based on juror misconduct and motion for a new trial *nisi remittitur* are

**AFFIRMED.**[5]

**KONDUROS and MCDONALD, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.